Argued and submitted March 5,
reversed, appeal reinstated, remanded to
the Court of Appeals May 20, 1980

## BLACKLEDGE,
### *Petitioner,*
*v.*
## HARRINGTON et al,
### *Respondents.*

(TC 38-388, CA 15518, SC 26666)

611 P2d 292

James R. Cartwright, Portland, argued the cause for the petition.

Peter R. Chamberlain, Portland, argued the cause and filed a response for respondents Norma V. Harrington and Robert E. Harrington, dba Nendel's Inn.

Larry A. Brisbee, Hillsboro, argued the cause for respondent Tom Decker.

Before Denecke, Chief Justice, and Tongue, Howell, Lent, Peterson and Tanzer, Justices.

TANZER, J.

## TANZER, J.

This is a review of a dismissal by the Court of Appeals of the plaintiff's appeal. The basis of the dismissal was that the notice of appeal was not filed within the 30-day time period allowed by ORS 19.026(1). A chronology of the case follows:

- August 8, 1979, a judgment order for defendants was signed and filed with the clerk of the circuit court.

- August 9, the clerk mailed a card to plaintiff's attorney incorrectly notifying him that the judgment order had been filed on August 9, 1979.

- September 10, plaintiff filed a notice of appeal.

- September 17, defendants filed a notice of cross-appeal.

- October 5, the Court of Appeals, on its own motion, dismissed the appeal and the cross-appeal.

- October 19, plaintiff moved in the Court of Appeals to reinstate the appeal. With the motion was a certificate of the county clerk certifying that the notice to counsel was incorrect.[1]

- November 7, the motion to reinstate the appeal was denied.

- December 7, the petition for review was filed together with a Motion for Leave to Present Additional Evidence to which was attached a second certificate of the clerk.[2]

---

[1] The certificate states:

"I, ROGER THOMSSEN, COUNTY CLERK and ex-officio Clerk of the Circuit Court of the State of Oregon for the County of Washington, do hereby certify that on August 8, 1979 @ 4:15 p.m. we filed a judgment order in the above mentioned case. The next morning, August 9, 1979 @ 9:21 a.m., when the deputy clerk was putting away the file & correspondence she inadvertently file marked the card that was to be returned to the attorneys showing the date of filing of the Judgment. * * *"

[2] The proffered evidence is the subsequent certification by the clerk, which states:

Pursuant to Rule 10.10, the Court of Appeals denied reconsideration, apparently on the ground that error in the clerk's notification to counsel does not extend the time for filing the notice of appeal. *Far West Landscaping v. Modern Merchandising,* 287 Or 653, 601 P2d 1237 (1979). The Court of Appeals did not rule on the motion to present additional evidence and it did not consider the second certificate. We allowed the petition for review.

ORS 19.026(1) provides:

"* * * The notice of appeal shall be served and filed within 30 days after the entry of the judgment appealed from."

The pivotal fact in this case is the date from which the time for notice of appeal commenced running. If it ran from August 8, the date of filing, then the notice of appeal was not timely. If from August 9 or thereafter, then the notice of appeal filed on Monday, September 10, was timely.

■■ The terms "filing" and "entry" are often used interchangeably, not only in lawyers' parlance, but also in statutes and the opinions of this court. They are, however, distinct acts with distinct legal significance. *Charco, Inc. v. Cohn,* 242 Or 566, 570-71,

---

"I, ROGER THOMSSEN, County Clerk and ex-officio Clerk of the Circuit Court of the State of Oregon for the County of Washington, do hereby certify the following:

1. That a judgment order in the above entitled cause was signed by the Hon. Albert Musick on August 7, 1979.

2. That on August 8, 1979 at 4:15 p.m. this judgment order was file-stamped in the Clerk's office.

3. All other mechanical actions concerning this judgment order were performed by the Clerk on or after August 9, 1979. These include the docketing of the judgment order in the judgment docket book, the entry in the 'fee book', and microfilming. (Microfilming of these documents is performed routinely each Monday.)

4. The notice that the judgment order had been signed and filed (commonly referred to as the 'confirmation card') was sent on August 9, 1979. A copy of this notice is attached hereto and by this reference incorporated herein."

411 P2d 264 (1966). The difference is in the very nature of the acts: "filing" is an act done by another to the clerk, whereas "entry" is an act performed by the clerk. Filing occurs when a document is given to a clerk with the intention that it be filed. If a statute requires an act to be done within a number of days after an order is "filed," the time is measured from the date when the order is given to the clerk for filing, regardless of the date of entry. *Highway Commission v. Fisch-Or,* 241 Or 412, 415-16, 399 P2d 1011, 406 P2d 539 (1965). ORS 19.026(1), however, does not refer to filing; it refers to "entry." Entry is what the clerk does after filing. It is a separate act required by statute.

ORS 18.030 prescribes that the clerk shall enter judgments in the journal and notify the parties of that act:

> "All judgments shall be entered by the clerk in the journal * * *. The clerk shall on the date judgment is entered, mail a copy of the judgment and the notice of the date·of entry of the judgment to each party who is not in default for failure to appear. * * *"

The reference to "the journal" has a specific meaning. The journal is one of several records of judicial documents the clerk must keep, either individually, ORS 7.010, or consolidated with other records, ORS 7.015. After entry in the journal, the clerk must enter judgments in the judgment docket. Because the legislature requires notice of the date of entry in the journal, we infer a legislative purpose that the entry in the journal is an act of high procedural significance and that it is the entry referred to in ORS 19.026(1) after which the time for the filing of notice of appeal is to be computed.

A problem in this case is that the date of entry in the journal does not appear in the record which was before the Court of Appeals at the time it acted. The file reflects only the date of filing of the

judgment order, not the date of its entry.[3] The evidence proffered by plaintiff's motion, if considered and if not contradicted, would have established that the date of entry was August 9 or thereafter, but the motion was not ruled on. Because there was no basis upon which the Court of Appeals could determine the date of entry, there was no factual basis for its determination that the notice of appeal had not been filed within 30 days after the entry. The dismissal was therefore erroneous and we reinstate the appeal and remand to the Court of Appeals.[4]

Reversed. Appeal reinstated. Remanded to the Court of Appeals for proceedings consistent with this opinion.

---

[3] The dates of filing and entry may often be the same, but they are not necessarily so. In *Highway Commission v. Fisch-Or, supra,* the entry date was established, but the filing date was not. Because filing precedes entry, we assumed that a ten- day period after filing must have expired by the tenth day after entry. Where, as here, the date of filing is known, but the date of entry is not, such an assumption is not warranted.

[4] Plaintiff asks us to allow the motion for leave to present additional evidence and to consider the proffered second certification by the county clerk. We decline to do so. Rule 10.15 provides:

"The record on review shall consist of the record before the Court of Appeals."

Absent extraordinary circumstances, it is preferable as a matter of deference and of procedural orderliness to apply the rule strictly. The Court of Appeals did not rule on the motion. Upon remand of this case to the Court of Appeals, it is not foreclosed from a further determination as to the timeliness of the notice of appeal. It may allow the motion and it may also allow a response. We leave further disposition to the Court of Appeals.