On appellant's motion for determination of jurisdiction filed June 7, on respondent's response to motion for determination of jurisdiction (and motion to dismiss appeal) filed June 16, motion to dismiss appeal denied December 29, 1982

In the Matter of the Marriage of

HENSON,
*Appellant,*
*and*
HENSON,
*Respondent.*

(No. 29817, CA A24588)

656 P2d 345

Richard E. Forcum, and Forcum, West, Stevens and Parker, Bend, for Motion for Determination of Jurisdiction.

R. L. Marceau, and Johnson, Marceau, Karnopp & Petersen, Bend, for Respondent on Motion for Determination of Jurisdiction (and Motion for Dismiss Appeal).

Before Thornton, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

The issue is whether the notice of appeal is timely filed. Respondent contends that it is not, because it was filed 36 days after "entry" of the judgment by the clerk. Appellant, relying on ORCP 70B(1), argues that the time commences to run when the judgment appealed from is "docketed" in the judgment docket. If the judgment was entered[1] on April 8, 1982, the notice of appeal is timely filed. The narrow issue is the meaning of "entry of the judgment" contained in ORS 19.026(1), which provides:

"Except as provided in subsections (2) and (3) of this section, the notice of appeal shall be served and filed within 30 days after the entry of the judgment appealed from."

The Deschutes County Clerk does not maintain a journal[2] pursuant to ORS 7.030 separate from other court records.

The record provides the following chronology.

— The judgment was *noted* in the clerk's office on March 31, 1982.

— The judgment was *entered* in the register of actions on or between March 31, 1982 and April 8, 1982.[3]

---

[1] Entry of the judgment has other procedural importance. For example, the time in which a motion for judgment notwithstanding the verdict, ORCP 63D, or a new trial, ORCP 64 F, must be filed, is computed from the date the judgment is *entered* and not when it is *docketed. See* ORAP 2.05(10) and (14); *see also* Oregon State Bar, Committee on Continuing Legal Education, *Appeal and Review,* §3.34 (1977); Oregon State Bar Professional Liability Fund, *Oregon Statutory Time Limitations,* § 2.9 (1981).

[2] The clerk maintains a

"register of actions where every entry in a case is written with the date we received it used as the date of entry. We do not have a journal. We did have before microfilming and all orders were copied and put it in [sic] but since we are on microfilm we no longer keep this book."

We do not know what the procedure is in the other 35 counties.

[3] The clerk explains:

"The entry of the [judgment] in the Registry of Actions (although the March 31, 1982 date was used) is most probably not the date the entry was actually made. Because of the volume of business and lack of sufficient employees in my office our practice is to stamp the filing date on each document on the date it is delivered to my office and, then, hold the document until an employee has time to enter it in the various journals of the office.

— The judgment was *docketed* in the judgment docket on April 8, 1982.

— The notice of appeal was filed on May 7, 1982.

■     The records of the courts include a "register, journal, judgment docket, execution docket, fee register, jury register and final record." ORS 7.010(1). These records may be consolidated. ORS 7.015. We are concerned here with the register, journal and judgment docket.

ORS 7.020 describes the register as

> "* * * a record wherein the clerk * * * shall enter, by its title, every action, suit or proceeding commenced in, or transferred or appealed to, the court whereof he is clerk or administrator, according to the date of its commencement, transfer or appeal. And thereafter, until the *entry of judgment,* he shall note therein, according to to the date thereof, the filing or return of any paper or process, or the making of any order, rule or other direction in or concerning such action, suit or proceeding." (Emphasis supplied.)

The journal is defined by ORS 7.030 as

> "* * * a record wherein the clerk or court administrator *shall enter the proceedings* of the court during term time, and such proceedings in vacation as the statutes specially direct." (Emphasis supplied.)

ORS 7.040(1) provides:

> "The judgment docket is a record wherein judgments and decrees are *docketed,* as provided by statute. The judgment docket shall contain the following information: * * * *date of entry in journal* * * *." (Emphasis supplied.)[4]

ORS 7.040 makes a clear distinction between the acts of *entering* a judgment and *docketing* a judgment. That distinction continues in ORS 18.320, which provides:

When the entry in the Registry of Actions is made, we use the filing date as the date of entry, regardless of the date the entry is actually made. The date used in the Judgment Docket is the date the entry is actually made in the Judgment Docket.

"In the case of [this judgment], I personally made the entry in the Judgment Docket on April 8, 1982. The entry in the Registry of Actions was made by an employee of the office and the filing date was March 31, 1982. The most that can be said about the date of entry in the Registry of Actions is that it was made on or between March 31, 1982 and April 8, 1982."

[4] If the clerk does not maintain a journal, the notation the judgment was entered in the journal could not be made in the judgment docket of the date

"Immediately after the *entry* of judgment in any action the clerk shall *docket* the same in the judgment docket, noting thereon the day, hour and minute of such docketing. * * *" (Emphasis supplied.)

In summary, a judgment is *entered* in the journal, which is a record of the proceedings of the court. ORS 7.030. Judgments are *docketed* in the judgment docket. ORS 7.040. *After* the judgment is entered in the journal, it is docketed in the judgment docket. ORS 18.320.

*Blackledge v. Harrington,* 289 Or 139, 611 P2d 292 (1980), is dispositive,[5] even though ORS 18.030, which was relied on in *Blackledge,* was repealed by Or Laws 1981, ch 898, § 53. When *Blackledge* was decided, ORS 18.030 provided:

"*All judgments shall be entered by the clerk in the journal.* All judgments shall specify clearly the judgment debtor, judgment creditor, the amount to be recovered, the relief granted or other determination of the action. The clerk shall, on the date judgment is entered, mail a copy of the judgment and notice of the date of entry of the judgment to each party who is not in default for failure to appear. The clerk also shall make a note in the docket of the mailing. In the entry of all judgments, except judgments by default for want of an answer, the clerk shall be subject to the direction of the court." (Emphasis supplied.)

In *Blackledge* the court stated:

"* * * Because the legislature requires notice of the date of entry in the journal, we infer a legislative purpose that the entry in the journal is an act of high procedural significance and that it is the entry referred to in ORS 19.026(1) after which the time for the filing of notice of appeal is to be computed." 289 Or at 143.

ORCP 70B(1), set out in the margin,[6] replaced ORS 18.030 and omitted the statutory phrase "in the journal" and

---

[5] The issue in *Blackledge* was whether the date of *filing* or *entry* of the judgment in the journal commenced the time for filing a notice of appeal.

[6] ORCP 70B(1) provides:

"All judgments shall be filed and shall be entered by the clerk. The clerk shall, on the date judgment is entered, mail a notice on the date of entry of the judgment to the attorneys of record, if any, of each party who is not in default for failure to appear. If a party who is not in default for failure to appear does not have an attorney of record, such notice shall be mailed to the party. The

provides that "all judgments shall be filed and entered by the clerk." Nonetheless, both the rule and the statute require the clerk to give notice of the entry and, in addition, to make a notation in the judgment docket. The pertinent language of the rule is:

"* * * The clerk shall, on the date judgment is entered, mail a notice of the date of entry of the judgment to the attorneys [or alternatively the parties] * * *. The clerk also shall make a note in the judgment docket of the mailing. * * *"

That language is essentially the same as in former ORS 18.030. The rule, like the statute, clearly provides that entry of a judgment is an act separate and distinct from making a notation in the judgment docket.

Since 1862, the time of entry of the judgment has been the date from which the time is computed to perfect an appeal. General Laws of Oregon, ch 6, § 527(5) (Deady 1845-1864); *see Appleton et al v. Oregon Iron and Steel Co.,* 229 Or 81, 83, 358 P2d 260, 366 P2d 174 (1961). Without an entry in the journal, there can be no appeal.[7] *Neal v. Haight,* 187 Or 13, 206 P2d 1197 (1949). A judgment is effective only when *entered.* ORCP 70 B(2). The 1981 commentary to ORCP 70 observes that "entry" refers to the journal:

"Under § 70 B the important question addressed is exactly when the judgment becomes effective. Practically, the choice is between entry *(which is a formal entry in the court records by the clerk, ORS 7.030)* and filing (which is 'delivery of the document to the clerk of the court with the intent that it be filed.') *Charco, Inc. v. Cohn,* 242 Or 566, 571, 411 P2d 264 (1964)." Oregon Rules of Civil Procedure: A Handbook 155 (1981). (Emphasis supplied.)

■ Futhermore, the Council on Court Procedures in adopting the rules of civil procedure had no authority to modify or change the meaning of "entry of the judgment"

---

clerk also shall make a note in the judgment docket of the mailing. In the entry of all judgments, except a judgment by default under Rule 69 B.(1), the clerk shall be subject to the direction of the court. Entry of judgment shall not be delayed for taxation of costs, disbursements, and attorney fees under Rule 68."

[7] In passing, we note that a judgment of conviction is entered by the clerk in the "journal." ORS 137.170.

as provided by ORS 19.026(1). The Council's rulemaking authority does not extend to appellate procedure. ORS 1.735. The omission of the phrase "in the journal" from the rule when it was promulgated by the council is consistent with the striking of surplusage. On the basis of the foregoing, we hold that the time for filing a notice of appeal is computed from the date the judgment is *entered* in the journal.

■ The clerk is required to maintain a journal, ORS 7.010(1), which may be consolidated with other records. ORS 7.015.[8] We may presume that the official duties of the clerk have been regularly performed. OEC 310(j). Accordingly, the clerk here, albeit unknowingly, effectively has consolidated the journal with the judgment docket. When the clerk docketed the judgment in the judgment docket on April 8, 1982, that act was equivalent to an entry in the journal. That being the case, the notice of appeal was timely filed. Respondent's motion to dismiss appeal denied.[9]

---

[8] ORS 7.015 provides:

"Any of the records of the court required under ORS 7.010 may be consolidated, as the court may deem appropriate, so long as the essential elements of information and the inherent purpose of those records are maintained."

The journal and the judgment docket come within the purview of this statute.

[9] We do not have to reach the issue of the clerk's failure to notify the parties of the entry of the ajudgment. ORCP 70 B(1).