1

On respondent's motion to dismiss filed September 4, 1984, appeal dismissed March 27, reconsideration denied June 7, petition for review allowed by opinion August 8, 1985
See 299 Or 578, 704 P2d 509 (1985)

## SIMPSON,
### *Respondent,*

*v.*

## SIMPSON,
### *Appellant.*

## (16-83-02801; CA A32752)

697 P2d 570

Michael W. Doyle, Donald A. Bick and Bick & Monte, P.C., Eugene, appeared for motion.

Paul D. Clayton, Eugene, J.P. Graf, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, appeared contra.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Respondent moves to dismiss this appeal on the ground that the notice of appeal was not timely filed. We dismiss the appeal.

On May 9, 1984, a jury returned a verdict in favor of respondent. On that date, the trial judge signed a judgment conforming to the verdict. These facts appear on the face of the verdict form signed by the jury foreman and the judgment signed by the trial judge.

The trial court's register of actions indicates that the judgment was entered.[1] The register also indicates that notice of entry of the judgment was mailed to the parties on May 11, 1984. On May 18, 1984, appellant filed a motion for judgment *n.o.v.* or, alternatively, a new trial. Under ORCP 63C and 64F, the motion would have been deemed denied 55 days after entry of the judgment, which would have been July 3, 1984, unless it were determined sooner by the court. Without an earlier determination of the motion, ORS 19.026(2)(b) would have required that the notice of appeal be filed within 30 days of the date the motion was deemed denied, which would have been August 2, 1984. In fact, the notice of appeal was filed on July 26, 1984, and it was timely unless an earlier determination of the motion by the trial court started the running of the 30-day appeal period sooner.[2]

It appears from the record that, on June 13, 1984, a hearing was held on appellant's motion, and on June 15, 1984, an order denying the motion was signed by the judge. If the order was entered in the register[3] on June 15, the appeal

---

[1] We take judicial notice of the Lane County Circuit Court register of actions. OEC 201(b). The register says, after the serial number, "050984 JUDGMENT ON VERDICT W/COSTS/C2086-84."

[2] ORS 19.026(2) provides:

"Where any party has served and filed a motion for a new trial or a motion for judgment notwithstanding the verdict, the notice of appeal of any party shall be served and filed within 30 days after the earlier of the following dates:

"(a) The date of entry of the order disposing of the motion.

"(b) The date on which the motion is deemed denied, as provided in OR 63D. or 64F."

[3] The Lane County register is computerized, as authorized by ORS 7.095. A register must "contain the information otherwise required by law for the records of

period would have elapsed on July 15, a Sunday, and appellant would have had until the following day, Monday, July 16, to file a notice of appeal. Part of the problem arises from the fact that the clerk of the court failed to send any notice to the parties of entry of the order denying the motion.[4] On July 17, 1984, 32 days after the order was signed, another hearing was held, and the court, on its own motion, signed an order which purported to vacate the June 15 order.

The question is whether the trial court's order of July 17, 1984, was effective to vacate the June 15 order denying the motion for judgment *n.o.v.* or a new trial, thereby extending the appeal period.

Appellant argues that the court need not reach that issue, because the face of the June 15 order shows only that it was "filed" on June 15 and does not show when it was entered in the register. He urges that the case is controlled by *Blackledge v. Harrington,* 289 Or 139, 611 P2d 292 (1980), in which the court distinguished between the filing of a judgment and its entry. In connection with that argument, appellant has moved the court to consider affidavits by two court operations supervisors of the Lane County Circuit Court to the effect that at that time the trial court clerk in that county would not have indicated on the register the actual date of entry of a document into the register, but rather would have indicated only the date the document was filed with the clerk of the court. Appellant argues that, because neither the face of the June 15 order nor the register reveals the actual date of entry, the running of the appeal period cannot be calculated, and so the appeal cannot be dismissed.

Assuming, without deciding, that the affidavits of the

---

courts in this state," which includes a register and journal, judgment docket, execution docket, fee register, jury register and final record. ORS 7.010. Under the authority of ORS 7.015, the county has consolidated those records in the register. For this case, the register shows May 18, 1984, as the date for the motion for judgment *n.o.v.* or new trial; with respect to the June 15 order, the register shows a serial number and "061584 ORDER DENYING RE [SERIAL NUMBER] 39/MOT NOTWITHSTANDING VERDICT OR NEW TRIAL."

[4] ORCP 63E requires the clerk to mail notice of the date when an order on a motion for judgment *n.o.v.* is entered or of the date when the motion is deemed denied under ORCP 63D. Appellant does not argue that the lack of notice tolled the running of the time for appeal. *See Far West Landscaping, Inc. v. Pacific Cascade Corp.,* 287 Or 653, 601 P2d 1237 (1979). ORCP 64 does not contain an analogous notice rule with respect to motions for a new trial, which is a bit puzzling.

court operations supervisors may be considered by this court on appeal, they are insufficient to overcome the statutory presumption that the trial court clerk regularly performed the official duty of entering the order on June 15, 1984. OEC 3.11(j); *see Henson and Henson,* 61 Or App 210, 216, 656 P2d 345 (1982). There can be no doubt that the order was entered. Although, as appellant argues, and *Blackledge* states, the acts of filing and entry are separate *acts,* it does not follow that those acts necessarily took place on different dates. There is insufficient evidence that the June 15 order was in fact entered on any other date.

■    The trial court was without authority to set aside the June 15 order. *Far West Landscaping, Inc. v. Pacific Cascade Corp., supra,* n 4, and *Stevenson v. U.S. National Bank,* 296 Or 495, 677 P2d 696 (1984), make it clear that an order cannot be set aside for the sole purpose of extending the time for appeal. The time for appeal here expired on July 16, 1984.

We have reviewed the transcript of the July 17 hearing. The judge determined that no notice of his June 15 order had been sent to the parties as required by law. He then stated:

"In the interests of justice, I'm going to set aside the order denying the motion. * * *

"Then, under the law [counsel will] have 30 days from 55 days, which means that you have some time to do whatever you are going to do * * *."

The record shows no reason for setting aside the order except to create a span of time for an appeal. This case is controlled by *Far West Landscaping, Inc. v. Pacific Cascade Corp., supra,* n 4; *see also Junction City Water Control v. Elliott,* 65 Or App 548, 672 P2d 59 (1983).

Appeal dismissed.