Petition for review submitted June 2, appeal reinstated, reversed and remanded to Court of Appeals August 8, reconsideration denied September 17, 1985

## SIMPSON,
*Respondent on Review,*

*v.*

## SIMPSON,
*Petitioner on Review.*

(16-93-02801; CA A32752; SC S31749)

704 P2d 509

J. P. Graff, Portland, filed the petition for review for

Petitioner. With him on the petition for review was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Michael W. Doyle, Eugene, filed a response to petition for review.

MEMORANDUM OPINION

## MEMORANDUM OPINION

This is a review of a dismissal by the Court of Appeals of the defendant's appeal. The basis of the dismissal by the Court of Appeals was that the notice of appeal was not filed within the 30-day time period allowed by ORS 19.026(2).[1] We reverse and reinstate the appeal.

On May 9, 1984, a Lane County jury returned a verdict in excess of $125,000 in favor of the plaintiff and against the defendant. On the same day the trial judge signed a judgment on the verdict. The judgment was filed and entered in the court register.

On May 18, 1984, the defendant filed a motion for a judgment *n.o.v.* or a new trial. The trial judge heard the motion at a later date and took the matter under advisement.

On June 15, 1984, the trial judge signed an order denying defendant's motion. The order was filed on the same date with a deputy trial court clerk. The court records indicate that the order was entered in the register on an unspecified date. The Lane County Circuit Court records are maintained by an electronic data processing system which at the time in question recorded only the filing date and not the date of the entry of an order. To compound the problem, the clerk failed to comply with ORCP 63E. That rule requires the clerk on the date an order is made on a motion for judgment *n.o.v.* to "mail a notice of the date of entry of the order" to the attorneys of record.

On July 17, 1984, after the trial judge found that the attorneys of record had not received notice of the entry of his order of June 15, he signed an order purporting to vacate his previous order. The trial judge reasoned that if his order of June 15 were vacated, then the defendant's appeal time would be calculated under ORS 19.026(2)(b) instead of ORS

---

[1] ORS 29.026(2) provides:

"Where any party has served and filed a motion for a new trial or a motion for judgment notwithstanding the verdict, the notice of appeal of any party shall be served and filed within 30 days after the earlier of the following dates:

"(a) The date of entry of the order disposing of the motion.

"(b) The date on which the motion is deemed denied, as provided in ORCP 63D. or 64F."

19.026(2)(a). Under those circumstances, the 55 day period provided for in ORCP 36D and 64F would have expired on July 3, 1984 and the appeal time 30 days thereafter on August 2, 1984.

On July 26, 1984, the defendant filed the notice of appeal. Thereafter the plaintiff moved to dismiss the appeal on the grounds that it was not timely filed.

The Court of Appeals perceived the question to be "whether the trial court's order of July 17, 1984 was effective to vacate the June 15 order denying the motion for judgment *n.o.v.* or a new trial, thereby extending the appeal period." 73 Or App 1, 4, 697 P2d 570 (1985).

The defendant-appellant argued that it was not necessary for the Court of Appeals to reach that issue, because the June 15, 1984 order shows only that it was "filed" on that date and there is no evidence as to when it was entered in the register. He also contended that the case is controlled by *Blackledge v. Harrington,* 289 Or 139, 611 P2d 292 (1980), in which this court distinguished between the filing of a judgment and its entry. To support his argument, the defendant-appellant moved the Court of Appeals to consider the affidavits by two court operations supervisors of the Lane County Circuit Court as to the normal procedures in the filing and entry of documents.

The Court of Appeals held:

"Assuming, without deciding, that the affidavits of the court operations supervisors may be considered by this court on appeal, they are insufficient to overcome the statutory presumption that the trial court clerk regularly performed the official duty of entering the order on June 15, 1984. OEC 3.11(j); *see Henson and Henson,* 61 Or App 210, 216, 656 P2d 345 (1982). There can be no doubt that the order was entered. Although, as appellant argues, and *Blackledge* states, the acts of filing and entry are separate *acts,* it does not follow that those acts necessarily took place on different dates. There is insufficient evidence that the June 15 order was in fact entered on any other date." 73 Or App at 5. (Emphasis in original.)

The Court of Appeals decision is based on an incorrect assumption. We can find no statute or ORCP rule that

requires the trial court clerk to enter an order on the same day that it is filed.

ORS 8.225(2)(f) provides that the clerk shall "keep the journal of the proceedings of the court, * * * and * * * enter its order and judgments."

ORCP 70 B.(3) provides:

"The clerk shall enter the judgment within 24 hours, excluding Saturdays and legal holidays, of the time the judgment is filed. When the clerk is unable to or omits to enter judgment within the time prescribed in this subsection, it may be entered any time thereafter."

■     We are not concerned with the entry of a judgment, but with the entry of an order denying a motion for judgment *n.o.v.* ORCP 63 (JUDGMENT NOTWITHSTANDING THE VERDICT) does not have a counterpart to ORCP 70 B.(3). Even if there were such a counterpart, it would be difficult to read an "official same day duty" into the rule. *Blackledge v. Harrington, supra,* is similar to this case. It involved the appeal from a judgment under ORS 19.026(1) instead of an appeal from an order denying a motion for judgment notwithstanding the verdict under ORS 19.026(2). The principle involved is the same.

This court said:

"Because there was no basis upon which the Court of Appeals could determine the date of entry, there was no factual basis for its determination that the notice of appeal had not been filed within 30 days after the entry." 289 Or 144.

Here there is no basis to determine the date of the entry of the order and therefore nothing to determine when the appeal time began to run.

Appeal reinstated. Reversed and remanded to the Court of Appeals.