On reconsideration filed October 2, 1985, reconsideration allowed, appeal reinstated
January 29, 1986

## GORDON,
*Petitioner,*

*v.*

## SCHUMACHER et ux,
*Respondents.*

(36455; CA A36958)

713 P2d 658

Lawrence W. Ervin, Bend, for the petition.

No appearance contra.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

WARDEN, P. J.

## WARDEN, P. J.

The issue before the Court is the timeliness of the notice of appeal. We dismissed the appeal on our own motion after finding that "appellant filed his notice of appeal within 30 days of the date the judgment was docketed instead of 30 days of the date the judgment was entered in the trial court's register." Appellant petitioned for review. We allow the petition for reconsideration (ORAP 10.10) and reinstate the appeal.

The difficulty in determining the timeliness of the appeal in this case stems from the fact that the Deschutes County circuit court clerk does not maintain a "journal" and, instead, maintains only a "register" and a "judgment docket." Those terms are important, because ORS 19.026 requires that a notice of appeal be filed "within 30 days after the entry of the judgment appealed from," and in *Blackledge v. Harrington,* 289 Or 139, 611 P2d 292 (1980), the court held that use of the phrase "entry of judgment" in ORS 19.026 refers to entry of judgment in the journal.

Although the records that trial court clerks are required to maintain have been substantially revised by chapter 540 of Oregon Laws 1985, at the time this appeal was taken ORS 7.010 required trial courts to maintain, among other records, a register, journal and judgment docket. Those terms are defined, respectively, by ORS 7.020 and 7.040 and *former* ORS 7.030.[1] Notwithstanding the statutory differences

---

[1] ORS 7.020, *as amended by* Or Laws 1985, ch 540, §2, provides (deleted material bracketed; new material underscored):

"The register is a record wherein the clerk or court administrator shall enter, by its title, every action, suit or proceeding commenced in, or transferred or appealed to, the court [whereof he is clerk or administrator], according to the date of its commencement, transfer or appeal. [And] Thereafter, until the entry of judgment *in the register,* [he] *the clerk or court administrator* shall note therein, according to the date thereof, the filing or return of any paper or process, or the making of any order, rule or other direction in or concerning such action, suit or proceeding."

*Former* ORS 7.030 (*repealed by* Or Laws 1985, ch 540, §47) provided:

"The journal is a record wherein the clerk or court administrator shall enter the proceedings of the court during term time, and such proceedings in vacation as the statutes specially direct."

ORS 7.040, *as amended by* Or Laws 1985, ch 540, §3, provides (deleted material bracketed; new material underscored):

"(1) The judgment docket is a record wherein judgments and decrees are

between the various records trial court clerks are required to maintain, ORS 7.015 provides:

"Any of the records of the court required under ORS 7.010 may be consolidated, as the court may deem appropriate, so long as the essential elements of information and the inherent purpose of those records are maintained."

So far as the Deschutes County circuit court clerk has been able to determine, the circuit court has never entered an order consolidating the journal with any other record. Thus, we are presented with the issue whether, in the absence of a journal entry of judgment, the 30-day period in which to file an appeal runs from the date of entry in the register, the date of entry in the judgment docket or from some other date.

■■   If we were writing on a clean slate, we might determine that the critical date is entry of the judgment in the register rather than in the judgment docket. The register is a public record in which the clerk of the court is required to note the actions of the court with respect to individual cases, including entry of judgment. ORS 7.020. The primary purpose of the judgment docket, on the other hand, is to create a lien on the property of the judgment debtor and to enable process to issue to enforce on the judgment. ORS 18.320; 18.350; 18.360. We also note that, effective January 1, 1986, chapter 540 of Oregon Laws 1985 eliminates the journal as a record court clerks are required to keep and generally provides that records formerly kept in the journal are to be kept in the register.

■   However, this is not the first opportunity the court has had to address the timeliness of an appeal in circumstances like those here. In *Henson and Henson*, 61 Or App 210,

docketed[,] as provided by statute. The judgment docket shall contain the following information: Judgment debtor; judgment creditor; amount of judgment; date of entry in [journal] *register;* when docketed; date of appeal; decision on appeal; satisfaction, when entered; other such information as may be deemed necessary.

"(2) The judgment docket shall be maintained only during the duration of an enforceable judgment or until such time as a full satisfaction of judgment is entered.

"(3) Not less than 90 days prior to the destruction of the original judgment docket, the clerk or court administrator shall notify the State Archivist of the pending destruction of such docket. The State Archivist may inspect the judgment docket and may retain such records for the state archives."

656 P2d 345 (1982), also an appeal from Deschutes County, we discussed the difficulty of determining the effective date of a judgment for purposes of taking an appeal when the court clerk does not maintain a journal. We held that the appeal in that case was timely. In so holding, we stated,

> "[T]he clerk here, albeit unknowingly, effectively has consolidated the journal with the judgment docket. When the clerk docketed the judgment in the judgment docket on April 8, 1982, that act was equivalent to an entry in the journal." 61 Or App at 216.

The weakness in our reasoning is that the clerk of the court does not have the authority to consolidate records of the court, unknowingly or otherwise. ORS 7.015 authorizes only the trial court to order consolidation and, as indicated earlier, the Deschutes County Circuit Court never entered an order consolidating the circuit court journal with any other record. Notwithstanding this weakness in this court's premise in *Henson,* in deference to the principle of *stare decisis* we decline to reach a different conclusion in this case.

Appellant's notice of appeal was filed within 30 days of entry of judgment in the judgment docket, which in Deschutes County is the functional equivalent of entry in the journal. Accordingly, appellant's petition for reconsideration is allowed, and the appeal is reinstated.