Argued and submitted February 8, attorney fees awarded to third-party defendant vacated, reversed and remanded in part; otherwise affirmed November 23, 1988

## DERRIL O. SIMPSON,
*Plaintiff,*

*v.*

## STATE OF OREGON et al,
*Defendants.*

## STATE OF OREGON,
*Appellant,*

*v.*

## RALPH COBB,
*Respondent,*

*and*

## MAJORIE LOUISE SIMPSON,
*Respondent.*

(16-86-03611; CA A42848)

764 P2d 580

Kendall M. Barnes, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Philip Schradle, Assistant Attorney General, Salem.

David B. Paradis, Portland, argued the cause for respondent Ralph Cobb. With him on the brief was McEwen, Gisvold, Rankin & Stewart, Portland.

Donald A. Bick, Eugene, argued the cause for respondent Marjorie Louise Simpson. With him on the brief was Brad G. Garber, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant State of Oregon appeals from the trial court's dismissal of its third-party claims for contribution from Marjorie Louise Simpson (Simpson) and Ralph Cobb. The state also appeals the court's award of attorney fees to Simpson. We affirm in part and reverse in part.

In May, 1984, Simpson obtained a judgment against plaintiff Derril O. Simpson (plaintiff) in a separate action. Cobb, his attorney, filed a motion for judgment *n.o.v.* or, alternatively, for a new trial. The court denied that motion by an order dated June 15, 1984. That order was processed in the court records, but the responsible court personnel, who are employes of the state, failed to notify Cobb of the entry of the order, as required by ORCP 63E.[1] As a result, the notice of appeal which plaintiff subsequently filed would have been untimely if the order were deemed "entered" on June 15. ORS 19.026(2)(a). Simpson moved to dismiss the appeal on that ground, and we allowed the motion. *Simpson v. Simpson,* 73 Or App 1, 697 P2d 570 (1985). However, the Supreme Court reinstated the appeal based on its conclusion that the records maintained in Lane County made it impossible to determine when the order was entered and there was "therefore nothing to determine when the appeal time began to run." 299 Or 578, 582, 704 P2d 509 (1985).

Plaintiff then brought this action, alleging that the state's failure to comply with ORCP 63E resulted in the dismissal proceedings and caused damages consisting of attorney fees, certain costs and the interest which had accrued on the judgment while the two appellate courts considered Simpson's motion. The state's third-party allegations against Simpson are:

"Plaintiff's damages were proximately caused by the negligence of Marjorie Louise Simpson in filing a motion to dismiss the appeal in *Simpson v. Simpson* when she knew or

---

[1] ORCP 63E provides:

"The clerk shall, on the date an order made pursuant to this rule is entered or on the date a motion is deemed denied pursuant to section D. of this rule, whichever is earlier, mail a notice of the date of entry of the order or denial of the motion to the attorney of record, if any, of each party who is not in default for failure to appear. If a party who is not in default for failure to appear does not have an attorney of record, such noticer [*sic*] shall be mailed to the party. The clerk also shall make a note in the docket of the mailing."

should have known that the motion would ultimately be denied.

"* * *

"If Marjorie Louise Simpson prevails on the merits in the appeal in *Simpson v. Simpson*, she would be unjustly enriched if she received statutory interest on the underlying judgment for the period of time between when she filed a motion to dismiss the appeal and when the Supreme Court ultimately ruled that her motion was not well taken."

It alleges that Cobb was negligent:

"(a) In failing to monitor the status of his pending motion for new trial and/or judgment n.o.v. in the case of *Simpson v. Simpson*, and failing to inquire whether an order had been entered on that motion in such manner and at such times as would have enabled him to file an unquestionably timely notice of appeal.

"(b) In failing to have an office system in place to check and verify possible action by the court on such a pending motion."

The state sought contribution from both third-party defendants. The trial court granted both of their motions to dismiss on the ground that the third-party complaint failed to state claims against them, and it entered ORCP 67B judgments in their favor. It also awarded attorney fees to Simpson pursuant to ORS 182.090(1).

The state's first contention on appeal is that the court erred in granting the motion to dismiss its claim against Simpson based on her alleged negligence in moving to dismiss plaintiff's appeal.[2] The thrust of the state's argument is that, under *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 734 P2d 1326 (1987), and related decisions by the Supreme Court and this court, the trial court should not have dismissed this negligence claim at the pleading stage on the basis of Simpson's contention that she had no duty "to the adverse party." Although *Fazzolari* and its sequelae have come to loom large in recent Oregon tort law, they have not become the exclusive

---

[2] The state amended some of the allegations against Simpson, and it separately assigns error to the striking of the amended allegations, and to a number of other related rulings. Neither the substance of the amendment nor the other rulings require analysis separate from our discussion of the assignment relating to the motion to dismiss, and the state has combined the other assignments with that one for argument.

determinant in all tort cases, *see G.L. v. Kaiser Foundation Hospitals, Inc.,* 306 Or 54, 757 P2d 1347 (1988), and we do not perceive how they have anything to do with the negligence claim against Simpson.

This is a contribution case. ORS 18.440(1) provides that "[t]here is no right of contribution from a person who is not liable in tort to the [underlying] claimant." *See Blackledge v. Harrington,* 291 Or 691, 634 P2d 243 (1981). Had plaintiff named Simpson as a defendant in this action and made the allegations that the state does, no tort liability to him could be predicated on her putatively negligent pursuit of the motion to dismiss his appeal.

In *O'Toole v. Franklin,* 279 Or 513, 569 P2d 561 (1977), the Supreme Court sustained the defendants' demurrer to a claim that they, as attorneys and client, had maliciously or negligently prosecuted a malpractice action against the plaintiff physicians. The court adhered to its previous holdings that proof of "special injury" is required in malicious prosecution actions, and it indicated that the reason for the high threshold of establishing that tort is to "protect the freedom of litigants to pursue their remedies in court." 279 Or at 520. The court then said, with respect to the negligence claim:

> "[W]e reject a theory of liability for negligence toward persons wrongfully sued that would reach injuries not protected against malicious prosecution of civil proceedings." 279 Or at 524.

*See also Clausen v. Carstens,* 83 Or App 112, 730 P2d 604 (1986).

The quoted statement in *O'Toole* referred specifically to the special injury rule, but it has ramifications beyond that: a litigant should not be more easily subjected to liability for the negligent pursuit of remedies than for malicious prosecution, or other litigation-related torts in which the litigant assertedly acted with greater culpability than ordinary negligence.

The state's allegations relating to Simpson's motion to dismiss the appeal are stated only in terms of negligence and can support a showing of nothing more than negligence. The state ascribes no malice or other aggravated culpability to her and alleges no injury to plaintiff "beyond the trouble, cost,

and other consequences normally associated with defending oneself" in a lawsuit. *O'Toole v. Franklin, supra,* 279 Or at 515. Simpson could not be liable to plaintiff on the state's pleaded theory, and she accordingly cannot owe the state contribution under it. The court correctly dismissed the negligence claim against her.[3]

■ The state next argues that the court erred by dismissing its unjust enrichment claim against Simpson. Assuming *arguendo* that unjust enrichment could ever be treated as a tort claim to which contribution rights attach, no unjust enrichment has been pleaded here. There is nothing unjust about a party being enriched by the amount of statutory interest which accrues on a judgment between the time of the award and the time of satisfaction. The debtor has the use of the money for the duration, whatever the cause of the duration may be. Moreover, if anything could or should be done about the amount of interest plaintiff owes, that could only occur in the underlying proceeding between plaintiff and Simpson, which was pending before us when this action was brought.[4] Plaintiff could not have collaterally challenged the award of interest in this proceeding, and neither may the state.

■ The state next assigns error to the award of attorney fees to Simpson, pursuant to ORS 182.090(1). That statute provides:

> "In any civil judicial proceeding involving as adverse parties a state agency, as defined in ORS 291.002, and a petitioner, the court shall award the petitioner reasonable attorney fees and reasonable expenses if the court finds in favor of the petitioner and also finds that the state agency acted without a reasonable basis in fact or in law."

*Fazzolari v. Portland School Dist. No. 1J, supra,* and the other cases comprising the "Fazzolari Trilogy" were decided while the relevant proceedings in the trial court were in progress and were asserted by the state in support of a motion to reconsider the dismissal of its negligence claim against Simpson. Those cases continue to be perceived as

---

[3] Oregon Laws 1987, chapter 774 took effect after the relevant events here. It is inapplicable to this case and we imply no comment about it.

[4] We later affirmed the judgment for Simpson. *Simpson v. Simpson,* 83 Or App 86, 730 P2d 592 (1986), *rev den* 303 Or 454 (1987). That fact has no bearing on this case.

having a profound and not entirely certain effect on Oregon tort law. *See* O'Connell, "Ruminations on Oregon Negligence Law," 24 Will L Rev 385 (1988). Although we have concluded that the cases are not dispositive of the claim against Simpson, that was not so manifestly clear at the time of the trial court proceedings that it can be said that the state acted without a reasonable basis in fact or law in pursuing the claim. We vacate the award of attorney fees.[5]

The state's final contention is that the court erred by dismissing its claim against Cobb.[6] Cobb argued in support of his motion, and the trial court apparently agreed, that the clerk had an absolute duty to notify him of the entry of the order, that he had no duty to "monitor" the clerk's performance of that duty and that he acted reasonably by relying on the clerk. He reiterates that argument here:

> "[ORCP 63E] indicates that it is the clerk's, not the attorney's, duty to monitor the status of motions for judgment notwithstanding the verdict and communicate to the attorneys of record and through the attorneys of record, the parties, the time at which such motions are granted or denied. ORCP 63 E, by implication, thus indicates that Cobb, the attorney of record for plaintiff Derril Simpson, is not obligated to monitor the status of such motions. Therefore, the court was correct in ruling that Cobb had 'No Duty' to monitor the status of the Motion.

> "Even if Cobb did have a duty to monitor the Motion, the court was still correct in dismissing the State's Third-Party Complaint against Cobb, because Cobb acted *reasonably* when he relied upon the Clerk to notify him that the Motion had been denied.

---

[5] Simpson also sought attorney fees under ORS 20.105. An award under that statute would be as inconsistent with our reasoning as was the award under ORS 182.090(1).

[6] As it did with respect to Simpson, *see* note 2, *supra,* the state amended its allegations against Cobb and assigns error to the court's dismissal of the amended claim as well as the original one. The amended allegation states:

> "Plaintiff's damages were proximately caused by the negligence of Ralph Cobb in one or more of the following particulars: Ralph Cobb undertook to monitor the status of his pending motion for judgment n.o.v. or new trial in *Simpson v. Simpson,* but failed to do so in such manner and at such times as would have enabled him to file an unquestionably timely notice of appeal."

As with our discussion of the negligence claim against Simpson, the amended allegation against Cobb and the assignment relating to it do not require separate analysis in this opinion.

"ORCP 63 E imposes an absolute duty upon the Clerk to notify Cobb of the entry of the Order denying the Motion. There is a presumption that official duties will be regularly performed, ORE 311(1)(j). Consequently, Cobb acted reasonably in presuming that the Court Clerk would provide notice of the entry of the Order denying the Motion. Therefore, Cobb's conduct did not create an *unreasonable* risk of harm toward plaintiff Derril Simpson. Cobb is thus not liable to the plaintiff Derril Simpson or the State for the Clerk's failure to perform the absolute duty required by ORCP 63 E, and the State's Third-Party Complaint was properly dismissed." (Emphasis Cobb's.)

The state relies on *Fazzolari* and the related cases and argues:

"Cobb's 'no duty' defense is only another way of saying that the harm his former client, Plaintiff Simpson, allegedly suffered was not a foreseeable risk, as a matter of law, of the conduct alleged as negligence in the state's third-party complaint. The state respectfully submits that this court cannot say as a matter of law that the harm Plaintiff Simpson allegedly suffered was not a foreseeable consequence of Cobb's inattention to the status of his pending motion in *Simpson v. Simpson [supra]*."

We are obliged to agree with the state. The existence of the clerk's duty under ORCP 63E does not mean, as a matter of law, that Cobb had no duty to plaintiff, his client, in connection with the entry of the order and the filing of the appeal. *See Universal Ideas v. Linn County,* 64 Or App 805, 808, 669 P2d 1165 (1983). The questions of foreseeability and reasonableness are for the factfinder. Plaintiff could state a claim for professional negligence against Cobb, and Cobb could be held jointly or severally liable with the state for the injuries which plaintiff alleges were caused by the latter. Therefore, the state has alleged a viable claim for contribution against him. *See* ORS 18.440(1).

Award of attorney fees to third-party defendant Simpson vacated; dismissal of claim against third-party defendant Cobb reversed and remanded; otherwise affirmed.