Argued and submitted October 1, 1980, reversed and remanded March 23, 1981

FISHER et al,
*Petitioners,*
*v.*
COLWELL et al,
*Respondents.*

(No. LUBA 79-011, CA 17417)

CITY OF PORTLAND,
*Petitioner,*
*v.*
COLWELL, et al,
*Respondents.*

(No. LUBA 79-011, CA 17460)
(Cases Consolidated)

625 P2d 1333

Katherine H. O'Neil, Portland, argued the cause for petitioners Mildred Fisher, Norman Hobbs and Ann Hobbs. With her on the brief were Terry C. Hauck and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Ruth S. McKillip, Deputy City Attorney, Portland, argued the cause and filed the brief for petitioner City of Portland.

Edward J. Sullivan, Portland, argued the cause for respondents. With him on the brief were Charles P. Duffy, Mark Whitlow and Duffy & Gibson, Portland.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

Petitioners appeal a decision of the Land Use Board of Appeals (LUBA), which reversed an order of the Portland City Council granting petitioners a revocable permit to maintain a business on their property contrary to applicable zoning ordinances. Petitioners challenge the jurisdiction of LUBA to review this particular order and LUBA's disposition of the case on the merits. We conclude LUBA lacked jurisdiction and reverse.

In October, 1976, petitioners Norman and Ann Hobbs (petitioners) purchased a house and property in Northwest Portland, from petitioner Mildred Fisher (Fisher). Prior to buying the property petitioners requested a report from an appraiser to determine whether applicable zoning ordinances would allow use of the property as an office for their travel agency. Petitioners did not, however, inquire of the local governmental body regarding zoning. The appraiser's report showed that the property was zoned C-2, commercial, which would allow the business purpose contemplated by petitioners. The property was also taxed as commercial. In fact, only a portion of the property was zoned commercial C-2, while the balance was zoned A-O, high density residential.

Petitioners opened their travel agency immediately after purchasing the property, and then remodeled and restored the building at an asserted cost of $80,000. Fisher and petitioners were unaware that the property was split-zoned until May or June of 1978, when they discovered the true zoning. Petitioners then sought a change of zone for the portion of the property zoned A-O to C-2. The petition was opposed by the Northwest District Association (NWDA), a citizens' group which is active in land use planning decisions concerning Portland's northwest sector.

The city's hearings officer recommended denial of the requested zone change, but also recommended that petitioners be granted a five-year revocable permit to occupy the property as a nonconforming use. The planning commission declined review, and the City Council adopted the hearings officer's recommendation. NWDA and others appealed the Council's decision to LUBA, which reversed

the City's action for failure to apply the proper legal standard in granting a revocable permit.

■■ The threshold question is whether LUBA had jurisdiction to review the City's decision. Petitioners contend the grant of a revocable permit did not concern the application of a comprehensive plan or a zoning ordinance which implements a comprehensive plan, and so LUBA did not have jurisdiction. NWDA contended, in the proceedings before LUBA, that the Northwest District Policy Plan adopted by the city was a comprehensive plan and that LUBA has jurisdiction to review land use decisions which applied that plan.[1] NWDA conceded in its brief and on oral argument that the Northwest District Policy Plan is not a comprehensive plan as defined in ORS 197.015(5). We agree. The association argues on appeal that all land use decisions of local governments are reviewable by LUBA.

We do not agree with NWDA's assessment of LUBA's jurisdiction. The statute does not give LUBA jurisdiction to review *all* land use decisions, but only those defined in the statute. Land use decisions over which LUBA has jurisdiction are defined in Or Laws 1979, ch 772, § 3:

"(1)   'Land Use decision' means:

"(a)   A final decision or determination made by a city, county or special district governing body that concerns the adoption, amendment or application of:

"(A)   The state-wide planning goals;

"(B)   A comprehensive plan provision; or

"(C)   A zoning, subdivision or other ordinance that implements a comprehensive plan; or

"(b)   A final decision or determination of a state agency other than the Land Conservation and Development Commission, with respect to which the agency is required to apply the state-wide planning goals.

"* * * * *"

The statutory framework for local government control of land use requires local governmental bodies to adopt

---

[1] LUBA apparently based its jurisdiction on the assumption that the Northwest District Policy Plan was a comprehensive plan.

a comprehensive plan consistent with the state-wide planning goals adopted by the Land Conservation and Development Commission (LCDC). The adopted comprehensive plan must then be acknowledged by LCDC.

In *Alexanderson v. Polk County Commissioners,* 289 Or 427, 616 P2d 459 (1980), and *Willamette University v. LCDC,* 45 Or App 355, 608 P2d 1178 (1980), the statutory framework was interpreted to require local governments to apply state-wide goals in land use decisions prior to the time a comprehensive plan is acknowledged. Following acknowledgment of a comprehensive plan, local land use decisions can, under most circumstances, be reviewed solely for compliance with the comprehensive plan. ORS 197.275(2).

At the time of this proceeding the city of Portland had not adopted a comprehensive plan and thus did not have an acknowledged plan for application to land use decisions. Consequently, jurisdiction cannot be based on subsection (1)(a) (B) or (C) or subsection (1)(b).

This proceeding was initiated by petitioners' application for a zone change. The city denied the zone change but granted petitioners a revocable permit to maintain the nonpermitted use of the property. The legal standards for grant of a revocable permit are the same as those for granting a zone change. Portland City Code, §§ 33.98.066; 33.102.030; 33.114.060. Arguably, based on *Alexanderson* and *Willamette University, supra,* a land use decision made prior to adoption or acknowledgment of a comprehensive plan must of necessity apply the state-wide planning goals and LUBA would have jurisdiction under subsection (1)(a)(A). However, that subsection provides that a local decision is reviewable by LUBA only if it concerns the adoption, amendment or application of state-wide goals. Neither the petition for review filed by NWDA with LUBA nor any contention presented by the parties in the proceedings before LUBA concerned application of the state-wide goals. NWDA contended only that the revocable permit was issued in violation of the local ordinances and was inconsistent with the Northwest District Policy Plan. Based on the record before LUBA there was no jurisdiction to review the city's decision. Absent a basis for jurisdiction, LUBA

should have dismissed the petition.[2] We remand to LUBA for further proceedings not inconsistent with this opinion.

Reversed and remanded.

---

[2] Although the statute does not impose such a requirement, the better practice would be for a petitioner to set forth in the petition for review filed with LUBA, the basis for LUBA to accept jurisdiction.