Argued and submitted September 30, reversed and remanded
with instructions to dismiss December 21, 1981

MONTMORE HOMEOWNERS ASSOCIATION,
*Petitioner,*
*v.*
BRYDON et al,
*Respondents.*

(Luba No. 80-156, CA A20619 (control))

CITY OF PORTLAND,
*Petitioner,*
*v.*
BRYDON et al,
*Respondents.*

(Luba No. 80-156, CA A20627)
(Cases consolidated)

637 P2d 931

John G. Holden, Portland, filed the brief for petitioner Montmore Homeowner's Association. With him on the brief was Wood, Tatum, Mosser, Brooke & Holden, Portland.

Ruth Spetter, Portland, argued the cause and filed the brief for petitioner City of Portland.

Timothy P. Alexander, Beaverton, argued the cause and filed the brief for respondents.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

## ROBERTS, J.

Petitioners appeal a decision of the Land Use Board of Appeals (LUBA) reversing the City of Portland's denial of respondent's application to divide a vacant lot in an existing and largely developed subdivision into lots. We reverse.

In 1966, the then property owner submitted to the Portland Planning Commission a final plat for development of the area. The large size and configuration of one lot was a matter of concern to the commission; the owner advised the city by letter that his intention was to make the lot (Lot 12), which is large and of irregular shape and has a canyon running through it, a homeowners' park and to "deed it to this group when it is formed at some future date." The division was approved, subject to the commitment to deed the lot for a park. When the owner recorded the plat, however, he failed to designate the lot as a park. Two years later he sold the lot on contract.

In 1971 the new purchaser applied to divide the lot. The planning commission denied the request, based on the pre-existing condition. The purchaser appealed to the city council, which deferred action to allow the purchaser and the homeowners' association, which had by then been formed, to reach an agreement. No agreement was reached until 1973, when the association, the original owner and the contract purchaser signed an agreement stating that the association claimed ownership of Lot 12 based on the 1966 letter, but would give a quitclaim deed if certain conditions were agreed to, among them that the lot not be further divided.

Three years later, in December of 1976, the home owners' association recorded a deed giving notice of its interest in the property arising from the 1973 agreement. That same month, the lot was deeded to another purchaser "free from all encumbrances except subject to * * * interest of Montmore Homeowners' Association." This purchaser signed a letter with the president of the homeowners' association stating that he was "in agreement with" the existing agreement barring further division of the lot. This purchaser, in March, 1978, contracted to sell the lot to respondents

subject to the association's interest as recorded by deed. Respondents, a year later, applied to divide the lot. The hearings officer and the city council denied the request. LUBA remanded for findings, entry of a final order and "reopening of the case." Respondents reapplied. The same denials resulted. LUBA then reversed, holding that the condition not to divide was a restrictive covenant between private parties and was not binding, because it was not recorded as a written amendment to the final recorded plat.

On appeal, petitioners argue that LUBA was without jurisdiction to review the city's action because neither state-wide planning goals nor a comprehensive plan are at issue. Land use decisions over which LUBA has jurisdiction are defined in Or Laws 1979, ch 772, § 3:

"(1) 'Land Use decision' means:

"(a) A final decision or determination made by a city, county or special district governing body that concerns the adoption, amendment or application of:

"(A) The state-wide planning goals;

"(B) A comprehensive plan provision; or

"(C) A zoning, subdivision or other ordinance that implements a comprehensive plan; or

"(b) A final decision or determination of a state agency other than the Land Conservation and Development Commission, with respect to which the agency is required to apply the state-wide planning goals.

"* * * * *"

At the time of this proceeding the City of Portland had not adopted a comprehensive plan. We said in *Fisher v. Colwell,* 51 Or App 301, 625 P2d 1333, *rev den* 291 Or 117 (1981), that when this is the case, LUBA jurisdiction cannot be based on subsections (a)(B) or (a)(C) or (b) of the statute. We noted, however, that, under *Alexanderson v. Polk County Commissioners,* 289 Or 427, 616 P2d 459 (1980), and *Willamette University v. LCDC,* 45 Or App 355, 608 P2d 1178 (1980),

"arguably * * * a land use decision made prior to adoption or acknowledgement of a comprehensive plan must of necessity apply the state-wide planning goals and LUBA would have jurisdiction under subsection (a)(A)."

We concluded:

"However, that subsection provides that a local decision is reviewable by LUBA only if it concerns the adoption, amendment or application of state-wide goals." 51 Or App at 305.

In *Fisher,* "[n]either the petition for review * * * nor any contention presented by the parties in the proceedings before LUBA concerned application of the state-wide goals." 51 Or App at 305. The situation is the same in the present case.

■ Respondents argue that the first LUBA decision is *res judicata,* that the city's decision is not supported by substantial evidence and that the action amounts to a "taking," violative of Article I § 18 of the Oregon Constitution. At the first hearing before LUBA, Montmore Homeowners' Association's motion to dismiss for lack of jurisdiction was denied, LUBA holding that

"* * * any action taken under the subdivision ordinance is 'a land use decision' within the meaning of Oregon Laws 1979, ch 772 § 3(1) * * * reviewable not only for violation of statewide planning goals but also for 'other allegations of error' as found in Oregon Laws 1979, ch 772 § 5."

LUBA apparently misinterpreted § 5(3), directing the procedure for its consideration of a petition for review containing allegations of *both* statewide goal violations *and* "other allegations of error." In neither of the hearings before LUBA in this case was there any contention concerning application of statewide goals. LUBA's ruling as to jurisdiction in the first hearing was in error. The jurisdiction issue was not appealed following the first hearing and was apparently not raised at the second hearing. A challenge to subject matter jurisdiction, however, is not waived by failure to raise it at trial. *See City of Hermiston v. ERB,* 280 Or 291, 570 P2d 663 (1977).

■ There being no issue relating to statewide goals or a comprehensive plan to bring the matter within LUBA'S jurisdiction, the petition should have been dismissed.

Reversed and remanded with instructions to dismiss.