BRYANT,
*Petitioner,*

*v.*

CLACKAMAS COUNTY et al,
*Respondents.*

(No. 81-031, CA A21644 (Control))

CLOCK et al,
*Petitioners,*

*v.*

CLACKAMAS COUNTY et al,
*Respondents.*

(No. 81-031, CA A21711)
(Cases Consolidated)

643 P2d 649

Richard P. Benner, Portland, argued the cause and filed the brief for respondents 1000 Friends of Oregon, Peter McDonald and Shirley Wennerberg.

Jan P. Londahl, Assistant Attorney General, Salem, waived appearance for Land Conservation and Development Commission of the State of Oregon.

No appearance for respondent Clackamas County.

Before Gillette, Presiding Judge, and Young, Judge, and Roberts, Judge Pro Tempore.

GILLETTE, P. J.

## GILLETTE, P. J.

These consolidated cases stem from the granting of five minor partitions by a Clackamas County hearings officer. The appeals of respondents 1000 Friends of Oregon, Peter McDonald and Shirley Wennerberg[1] to the Clackamas County Board of Commissioners were dismissed for failure to comply with a county ordinance requiring that appeals from the decision of a hearings officer be made within 10 days from the oral decision. Respondents appealed to the Land Use Board of Appeals (LUBA), which found that the decision of the hearings officer is not a final order until a written decision accompanied by written findings is entered and that the time for appeal must be calculated from the time the written decision is available to the parties. LUBA remanded to the county. Petitioners appeal. We affirm.

The hearings officer orally granted two of the partitions on February 27, 1980. At that time, he made oral findings and indicated the grounds for his decision. On April 18, he entered written findings and a decision which included the statement that the parties had until April 28, 1980, to appeal the decision to the Board of Commissioners. The remaining three partitions were orally granted on May 14, 1980, and were also accompanied by oral findings. On July 7, a written decision and findings relating to those three partitions was entered. That document specified the last day to appeal the decision was July 23.[2]

Petitioners appealed the first partitions on April 28,[3] and the remaining partitions on July 14. All of the appeals were dismissed by the county, because they were filed more than 10 days after the oral decisions of the hearings officer. LUBA found the ordinance which required appeal within 10 days from the oral decision to be invalid and remanded to the county.

---

[1] All references to "respondents" are to 1000 Friends of Oregon, Peter McDonald and Shirley Wennerberg.

[2] There is no indication in the record of the reason that July 23 was indicated as the last day for appeal.

[3] Petitioner Bryant argues that the appeal from the April 18 written decision was not filed until April 29. LUBA found that the appeal was filed on April 28, and that finding is supported by evidence in the record.

Several of the issues raised here by petitioners are preliminary to the merits of LUBA's decision. Petitioner Bryant's contention that LUBA was established in violation of Article III, section 1 and Article VII (Amended), section 1, of the Oregon Constitution was answered in *Baxter v. Monmouth City Council*, 51 Or App 853, 627 P2d 500, *rev den* 291 Or 368 (1981).

Petitioner Clock argues that the appeal should have been dismissed by LUBA, because 1000 Friends of Oregon lacked capacity to act at the time the appeal to the Board of Commissioners was filed. This contention is based on the fact that Oregon Land Use Project, Inc., which acts under the assumed business name 1000 Friends of Oregon, had failed to file its annual report and pay its annual license fee, from which he concludes that it became a delinquent corporation as of December 16, 1979. That delinquency was cured on June 11, 1980, after the first notice of appeal was filed with the Board of Commissioners. We need not decide whether 1000 Friends lacked capacity to appeal the hearings officer's decision on April 28, because there were two individuals who also appealed on the same grounds and whose standing to appeal is not challenged. *See Thunderbird Motel, Inc. v. City of Portland*, 40 Or App 697, 596 P2d 994, *rev den* 287 Or 409 (1979).

■ Both petitioners argue that LUBA erred in assuming jurisdiction when the notice of appeal filed by respondents violated a LUBA rule. OAR 660-01-003 requires that a notice of intent to appeal to LUBA contain a "concise description of the land use decision" appealed from. Respondents' notice of intent to appeal stated that it was an appeal from "that land use decision of [Clackamas County] entitled 'In the matter of the Appeal of Minor Partitions 311-979-B, [etc.].' The decision became final on March 3, 1981." After petitioner Bryant filed a motion to dismiss the appeal with LUBA, respondents filed an amended notice giving a concise description of the decision appealed from.

LUBA ruled that the amended notice was unnecessary:

"The requirement in the Board's Rules that the Notice contain a concise description of the land use decision is for the convenience of the Board and the parties. In the

absence of a showing of prejudice to someone, failure to include such a description in the Notice is not grounds for dismissal."

LUBA cited OAR 661-01-005, which provides:
"[T]echnical violations of these rules which do not affect substantial rights or interests of parties or of the public shall not interfere with the review of a petition."

Petitioners have shown no prejudice. There was no error in refusing to dismiss the appeal on that basis.

Petitioner Bryant also contends that the decision appealed to LUBA was not a "land use decision" under Or Laws 1979, ch 772, § 3(1), in effect at the times pertinent to this inquiry:
"'Land use decision' means

"(a)  A final decision or determination made by a city, county or special district governing body that concerns the adoption, amendment or application of:

"(A)  The state-wide planning goals;

"(B)  A comprehensive plan provision; or

"(C)  A zoning, subdivision or other ordinance that implements a comprehensive plan:

"* * * * *."

This argument before LUBA was based on *Fisher v. Colwell,* 41 Or App 301, 625 P2d 1333, *rev den* 291 Or 117 (1981), in which we held that, in the absence of a comprehensive plan, LUBA lacked jurisdiction to review decisions of local governments unless a violation of the state-wide planning goals was alleged. This case differs significantly from *Fisher* in that 1) Clackamas County has adopted a comprehensive plan, although it was not acknowledged at the time these actions took place, and the provision for appeal from the granting of a minor partition is an ordinance which implements that comprehensive plan; and 2) respondents alleged, and LUBA found, a violation of Goal 2 in the county's application of its ordinance. The decision was a land use decision.[4]

---

[4] Petitioner Bryant also contends that the appeal should have been dismissed because respondents failed to exhaust their administrative remedies. This contention is based on his position that the decision appealed from is not a land use decision, and it is foreclosed by our determination that the decision is a land use decision.

In this court, petitioner Bryant's argument on this issue is actually an argument on the merits. Petitioner Clock also challenges the merits of the LUBA decision. We turn now to that question.

LUBA concluded that Goal 2 and ORS 215.416 read together require that land use decisions become final only when they are reduced to writing and are supported by findings and that the time for appeal may begin to run only when the decision is final. It held that the county ordinance providing that the time for appeal runs from the time of the oral decision violates Goal 2 and the statute. We do not reach the goal issue, because we find that the ordinance violates ORS 215.416.

■ ORS 215.402 *et seq.* allow counties to appoint hearings officers to conduct hearings on matters such as the minor partition requests involved in this case. ORS 215.416 provides in part:

"\* \* \* \* \*

"(6) Approval or denial of a permit shall be based upon and accompanied by a brief statement that explains the criteria and standards considered relevant to the decision, states the facts relied upon in rendering the decision and explains the justification for the decision based on the criteria, standards and facts set forth.

"(7) Written notice of the approval or denial shall be given to all parties to the proceeding."

ORS 215.422 provides that there shall be review of the decisions of hearings officers and that "[t]he procedure and type of hearing for such an appeal or review shall be prescribed by the governing body." The ordinance at issue here provides:

"\* \* \* Action by the Hearings Officer may be appealed to the Board of County Commissioners within ten (10) days of the oral decision of the Hearings Officer." Article III, § 1 (1.0), Clackamas County Subdivision Ordinance.

Petitioners argue that the statutory scheme leaves to the judgment of the county the provision of procedures for appeal and that the ordinance applied by the county here is within the county's authority under those statutes. While it is true that the provision of procedures for appeal is for the most part left to the counties under the statute,

those procedures cannot conflict with the requirements that *are* established in the statute. The county's ordinance requirement that appeals must be made within 10 days of the oral decision of the hearings officer does conflict with the statute and is therefore invalid.

Although LUBA decided that written findings must be entered by the hearings officer under ORS 215.416(6) before the time for appeal may begin to run, we decide the case on a more limited basis. Whether or not the statute requires that the findings of the hearings officer must be reduced to writing before the time for appeal may begin to run,[5] subsection (7) specifically requires that "[w]ritten notice of the approval or denial shall be given to all parties to the proceeding." It would make that requirement a nullity if a county were allowed to provide that the time for appeal may expire before the parties have been given that required notice. The time for taking an appeal cannot begin to run until written notice is given.

In this case, the only written notice the parties received were the written findings and decisions of the hearings officer entered April 18 and July 7, 1980. The county ordinance requiring that the notices of appeal be filed before the parties were given the written notice required by the statute is invalid. *See Haugen v. Gleason et al,* 226 Or 99, 359 P2d 108 (1961); *Terry v. City of Portland et al,* 204 Or 478, 269 P2d 544 (1955).

Affirmed.

---

[5] Written findings may not be important to an appeal from the decision of a hearings officer if the review by the county governing body is *de novo,* rather than a more limited review of the hearings officer's decision. We do not have before us in this case the county's other ordinances concerning appeal from the decision of a hearings officer. Because we decide the case on other grounds, we express no opinion on the requirement of written findings by the hearings officer under ORS 215.416 or under Goal 2.