Argued and submitted October 24, reversed and remanded December 4, 1986

# LEAGUE OF WOMEN VOTERS
## OF COOS COUNTY et al,
*Petitioners,*

*v.*

# COOS COUNTY et al,
*Respondents.*

## (LUBA 86-052; CA A41414)
729 P2d 588

Robert L. Liberty, Portland, argued the cause and filed the brief for petitioners.

Daniel M. Spencer, Coos Bay, argued the cause for respondent Coos Head Timber Company. With him on the brief was Foss, Whitty & Roess, Coos Bay.

No appearance for respondent Coos County.

Before Richardson, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioners seek review of LUBA's dismissal of their appeal from Coos County's decision to grant a conditional use permit to respondent Coos Head Timber Company.[1] The decision was signed on June 18, 1986. Petitioners filed their notice of intent to appeal to LUBA on July 10, 22 days after the decision. ORS 197.830(7) allows appeals from local land use decisions to be taken to LUBA within 21 days from the time when they become final. Petitioners argue, however, that the appeal period should be tolled through the time that the county delayed giving petitioners the written notice of its decision required by ORS 215.416(8). That statute, which applies to county decisions of the kind in question, provides: "Written notice of the approval or denial shall be given to all parties to the proceeding."

The county represents that it mailed the notice to petitioners' attorney on June 26 or June 27. He did not receive it until July 9, the twenty-first day after the decision, but he was aware of the existence and substance of the decision two days after it was made. Petitioners urge the application of a *per se* rule, which they contend we in effect adopted in *Bryant v. Clackamas County,* 56 Or App 442, 643 P2d 649 (1982), that the time for appealing under ORS 197.830(7) does not begin to run until the notice requirement of ORS 215.416(8) is satisfied. LUBA rejected that argument. We reverse.

The parties and LUBA analyzed this case as turning largely on our decisions in *Bryant* and in *Ludwick v. Yamhill County,* 72 Or App 224, 696 P2d 536, *rev den* 299 Or 443 (1985). The issue in *Bryant* was whether a Clackamas County ordinance which allowed ten days from a hearings officer's *oral* decision within which to appeal to the governing body was inconsistent with ORS 215.416(8) (then codified as ORS 215.416(7)). We held that the ordinance violated the statute, because

"* * * subsection (7) specifically requires that '[w]ritten notice of the approval or denial shall be given to all parties to

---

[1] The precise nature of the decision was that petitioners lacked standing to appeal to the governing body from the county hearings body's approval of the permit. We agree with petitioners that the decision was, in substance, an approval of a permit to which the notice requirement of ORS 215.416(8) applies.

the proceeding.' It would make that requirement a nullity if a county were allowed to provide that the time for appeal may expire before the parties have been given that required notice. *The time for taking an appeal cannot begin to run until written notice is given.*

"In this case, the only written notice the parties received were the written findings and decisions of the hearings officer entered April 18 and July 7, 1980. The county ordinance requiring that the notices of appeal be filed before the parties were given the written notice required by the statute is invalid. * * *" 56 Or App at 448. (Emphasis supplied; citations omitted.)

The emphasized language is the source of the general proposition that petitioners extrapolate from our opinion.

The issue in *Ludwick* was whether Yamhill County's failure to give the opponents notice of amendments to its comprehensive plan and zoning ordinance tolled the time for their appeal to LUBA. The applicable notice requirements in *Ludwick* were those of ORS 197.615(2) rather than the ORS 215.416(8) requirement which applied in *Bryant* and which applies here. We held that the failure to give notice tolled the appeal time and explained:

"* * * Petitioners rely by analogy on *Farwest Landscaping, Inc. v. Modern Merchandising,* 287 Or 653, 601 P2d 1237 (1979), and *Junction City Water Control v. Elliott,* 65 Or App 548, 672 P2d 59 (1983), which hold, at least implicitly, that a county clerk's failure to notify a party of the entry of a judgment pursuant to ORCP 70B does not extend the time for filing an appeal under ORS ch 19. LUBA concluded that *Bryant v. Clackamas County,* 56 Or App 442, 643 P2d 649 (1982), is the more apposite authority. * * *

"* * * * *

"* * * [LUBA] reasoned that ORS 197.615(2) requires notice, as did the statute we construed in *Bryant,* and that 'notice containing the required information [under ORS 197.615(2)] is a prerequisite to the running of the 21 day period for appeals.' The difficulty with LUBA's reasoning is that the issue in *Bryant* was whether a *local ordinance* made a nullity of a *state statute;* here, two statutes are involved, and the present question differs in degree rather than in kind from the question in *Farwest Landscaping, Inc. v. Modern Merchandising, supra,* and *Junction City Water Control v.*

*Elliott, supra.* However, that difference in degree is significant. As LUBA observed in its order denying the motion to dismiss, the notice required by ORS 197.615(2), unlike the notice of entry of judgment that the clerk is required to send pursuant to ORCP 70B, must explain to the recipients 'the requirements for appealing the action of the local government under ORS 197.830 to 197.845.' ORS 197.615(2)(b)(D). That language was added to ORS 197.615 by the same 1983 act through which ORS 197.830(7) was adopted. Or Laws 1983, ch 827, §§ 9 and 31. Unlike ORCP 70B, ORS 197.615(2) does not simply require notice that an appealable event has occurred. It also requires an explanation of the procedure for appealing. We agree with LUBA that the legislature intended to make the running of the time for filing a notice of intent to appeal under ORS 197.830(7) contingent on the giving of notice to an appealing party who is entitled to notice under ORS 197.615(2). * * *" 72 Or App at 228-30. (Emphasis in original.)

Petitioners and LUBA understand our opinion in *Ludwick* to have substantially eroded the tolling principle which petitioners ascribe to our opinion in *Bryant.* LUBA said:

"Petitioners' position in this appeal would be supported by *Ludwick, supra,* if this case involved a post acknowledgement action subject to ORS 197.615(2). However, this is not such a case. Further, we read the appellate court's opinion in *Ludwick* to reject the principle petitioners would extract from *Bryant.* Contrary to petitioners' position, *Ludwick* instructs that a statutory appeal period is *not* tolled by a failure to provide a required notice of decision unless the statute requiring the notice expressly or impliedly mandates that result. * * * ORS 215.416(8) is not such a statute. It requires notice that an appealable event has occurred but nothing more. The notice statute construed in *Ludwick,* by contrast, specifically requires that the notice include information pertinent to appeal rights. * * *

"Based on *Ludwick v. Yamhill County, supra,* we conclude that the period for appealing the county's order was *not* tolled until notice of the decision was mailed to petitioners' attorney. * * *" (Emphasis in original; footnotes omitted.)

We disagree with petitioners' understanding of *Bryant* and, more importantly to the decision of this case, with their and LUBA's understanding of *Ludwick.* The simple question in *Bryant* was whether the county ordinance could

make an oral statement the means of apprising the parties of a decision and defining their rights with respect to the decision in the face of a state statute which expressly requires written notice. The language in *Bryant* on which petitioners rely supports their general proposition only when it is read out of context, and it is surplusage in its context. The real point of petitioners' argument is that we should apply that general proposition here, whether or not we adopted it in *Bryant*. However, it is not an academic question whether we did adopt it there, because, under petitioners' and LUBA's analysis, *Ludwick* would have the effect of repudiating the proposition which petitioners think we stated in *Bryant* and which we think we did not.

The intended point of the distinction we drew in *Ludwick* between that case and *Bryant* was that different considerations arise when the relationship of two state statutes is at issue than when the question is whether a local ordinance conflicts with a statute. The question here, as in *Ludwick,* concerns the relationship between a notice statute and the LUBA appeal statute, but the cases involve different notice statutes. Our reasoning in *Ludwick* was devoted solely to ORS 197.615(2); the fact that *that* reasoning may not be applicable to ORS 215.416(8) does not mean that *no* reasoning can lead to the conclusion that a failure to give the notice required by ORS 215.416(8) tolls the appeal time.

Respondents, like the petitioners in *Ludwick,* urge that the relationship between the statute governing time for LUBA appeals and the statute requiring notice of decisions should be the same as the relationship between the statute governing the time to appeal in civil actions and the provision of ORCP 70B requiring the clerk to notify the parties to the action of the entry of judgment. The Supreme Court held in *Farwest Landscaping, Inc. v. Modern Merchandising, supra,* and we held in *Junction City Water Control v. Elliott, supra,* that the clerk's failure to discharge that duty does not stay the time for appealing a judgment. However, there are substantial differences between the role of notification, as distinct from other methods of obtaining knowledge of an appealable event, in that context and the one we consider. As LUBA noted it its opinion:

"The parallel between appeals of court judgments and

appeals of local government land use decisions has troublesome aspects. In the civil appeals context, the law provides a uniform procedure and location for the entry of judgments. *See* ORCP 70(B). *See also Blackledge v. Harrington,* 289 Or 139, 141, 611 P2d 292 (1980); *Henson and Henson,* 61 Or App 210, 656 P2d 345 (1982). Theoretically, at least, attorneys can keep track of appeal periods by monitoring the docket in which judgments are entered. This is not the case where local land use decisions are concerned. Although they are public records, state law does not provide a uniform procedure or place for filing or recording them. Interested parties therefore may have difficulty in ascertaining when the period for appeal to LUBA begins.

"If, as we suspect, *Farwest Landscaping* and similar cases are based on the idea that the entry of a judgment under ORCP 70B provides sufficient notice of the commencement of the appeal period, it is questionable whether those cases should govern in the less formal context of land use appeals. In the land use area, where the date the appeal period commences may be difficult to determine, we find merit in the argument that conformance with statutory requirements for notifying the parties of a decision should be a condition precedent to the running of the appeal period."[2]

The corollary of LUBA's cogent point is that the variety and informality of local recordkeeping procedures give the decisionmaking bodies and their agents the familiarity that the parties who appear before them do not have with where the information resides in their courthouses and city halls. Although we suggest no evil motivation in this or in the generality of cases, the relationship between parties who seek to appeal a county's land use decision and officials of the county is hardly the same as the relationship between the clerk and the parties to a civil action. In the land use context, the county is the deciding body as well as the recordkeeper. Counties are always nominally, and are often in fact, adverse parties to the appellant in appeals to LUBA from their decisions. The peculiar ability of county officials to know whether and when a decision has been made and where it can be found, together with their interest in the decision, makes their statutory duty to give notice of the decision almost fiduciary in nature. We do not think that the legislature

---

[2] LUBA went on to state that it thought that *Ludwick* is contrary to its point. We do not think that.

intended to permit the nonperformance or delayed performance of that duty to defeat the possibility of a timely appeal from a county's land use decision.

The language of the statutes is consistent with our understanding of the legislative intent. The requirements of both ORS 197.830(7) and ORS 215.416(8) are phrased as absolutes, and neither statute refers to the requirements of the other. Although ORS 197.830(7) specifies that the 21-day appeal period runs from "the date the decision sought to be reviewed becomes final," we do not think that the legislature contemplated that the simple ministerial act of giving the notice required by ORS 215.416(8) would not routinely occur on the same date. Indeed, the notice required by ORS 197.615(2), which we held in *Ludwick* had to be given before the time to appeal to LUBA could run, is considerably more ornate in content and therefore likely to be more time-consuming to prepare than the notice for which ORS 215.416(8) calls.[3]

◼ In any event, the duty to give notice under ORS 215.416(8) or, for that matter, under ORS 197.615(2), is not an onerous burden. Nevertheless, this is at least the fourth case which has reached this court since 1982 in which the jurisdictional effect of a failure to perform that duty or to perform it punctually has been an issue. Two of them, *Bryant* and *Ludwick,* have been discussed. The third, *League of Women Voters v. Coos Co.,* 76 Or App 705, 712 P2d 111 (1985), *rev den* 301 Or 76 (1986), involved many of the same parties as the present case does. The cases illustrate the frequency with which this entirely avoidable problem has arisen; they also

---

[3] LUBA noted in its opinion:

"Petitioners' reading of ORS 215.416(8) derives some support from the statute's legislative history. It was enacted in 1979 (as ORS 215.416(7)) as a part of the same law that created LUBA and the procedures for LUBA appeals. Or Laws 1979, ch 772, sec 10a. Inclusion of the permit notice requirement in the bill creating LUBA may suggest legislative intent to make local notification a prerequisite to commencement of the LUBA appeal process. *See Ludwick v. Yamhill County, supra,* 72 Or App at 229. As we read *Ludwick,* however, the more important indicator of legislative intent is the text of the notice statute itself. The text of ORS 215.416(8) does not support petitioners' position."

For the reasons we have indicated, we do not share LUBA's understanding that anything we said in *Ludwick* is germane to the meaning of the text of ORS 215.416(8). However, we agree with its statement, except for the last two sentences.

demonstrate the futility of attempting to deal with it on a case-by-case basis. We hold that, in all LUBA cases to which ORS 215.416(8) applies, the decision becomes final for purposes of appealing to LUBA under ORS 197.830(7) only after the prescribed written notice of the decision is mailed or delivered personally to the party seeking to appeal.[4]

We emphasize that the time for appeal by a party who has been given notice is not tolled by the fact that notice has not been given to other parties who are entitled to it. We also emphasize that our decision here in no way diminishes (or augments) the authority of local governments to establish reasonable requirements to assist them in carrying out their duty to give notice. *See League of Women Voters v. Coos Co., supra; Ludwick v. Yamhill County, supra.*

Reversed and remanded.[5]

---

[4] We do not now construe any other statutes relating to notice of local decisions.

[5] The basis for our decision makes it unnecessary for us to address petitioners' other assignments.