## CENTURY 21 PROPERTIES, INC.,
*Petitioner,*

*v.*

## CITY OF TIGARD,
*Respondent.*

## (LUBA 89-043; CA A61910)
783 P2d 13

Paul G. Ellis, Portland, argued the cause for petitioner. On the brief was Forrest N. Rieke, Portland.

Jeff H. Bachrach, Portland, argued the cause for respondent. With him on the brief was O'Donnell, Ramis, Elliott & Crew, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of LUBA's affirmance of the Tigard city council's approval of an application to develop an apartment complex on property adjacent to petitioner's. Acting on its own motion pursuant to section 18.32.310(b)(2) of city's community development code, the council took review of the planning commission's earlier approval decision and added as a condition of approval that the applicant dedicate a right of way for street purposes along the boundary between the applicant's and petitioner's properties.[1] Petitioner contends that the council did not initiate review within the time allowed by section 18.32.310(b)(2) and that, therefore, the planning commission's decision had become final. Petitioner also argues that the added condition of approval will result in an unconstitutional taking of its property. LUBA rejected petitioner's contentions. We agree that the council's review was untimely. We therefore reverse, without reaching petitioner's taking argument.

Section 18.32.310(b)(2) of the development code provides that review of a planning commission decision may be initiated, *inter alia*, if the council,

"on its own motion, seeks review by voice vote within ten days of mailed notice of the final decision."

Section 18.32.270 provides that notice of planning commission decisions "shall be mailed to the applicant, to all the parties to the decision and shall be made available to the members of the council." The council did not initiate review within ten days of the mailing of notice to the participants, but purported to do so at a later meeting held less than ten days after the council members received an agenda that referred to the planning commission's action.

City argues, and LUBA concluded, that the ten-day period under section 18.32.310(b)(2) does not start to run until

---

[1] The city planning director had imposed that condition. On the applicant's appeal, the planning commission concluded that the applicant could satisfy the roadway requirement by a private driveway rather than a dedicated street. Petitioner contends that, under the code, the condition of a public street will require that it dedicate land to widen the roadway in the event that it develops an apartment complex on its property.

the decision is "made available" to the council members pursuant to section 18.32.270. Petitioner contends that the time begins to run when "mailed notice" is given to those entitled to receive it under section 18.32.270. We agree with petitioner. Section 18.32.270 specifies that notice is to be mailed to the applicant and other parties; the decision or notice of it is to be "made available" to council members, but nothing needs to be mailed to them. Section 18.32.310(b)(2), in turn, makes "mailed notice" the event that triggers the time for the council to initiate review on its own motion.

City and LUBA reasoned that the two sections fit together logically only if the "availability" of notice to the council members is the event from which the council's initiation of review is timed. However, there is nothing ambiguous in the two sections to leave room for that interpretation. There is also nothing illogical in a literal reading of the sections. They appear to contemplate that an informal mode of notice to the council members is sufficient to assure that they will be apprised but that the council's time for initiating review should coincide with the ten-day period, dating from the sending of notice, within which private parties may appeal a commission decision to the council under section 18.32.310(b)(1).

■  City relies on *League of Women Voters v. Coos County,* 82 Or App 673, 729 P2d 588 (1986), and argues that a "party's appeal clock cannot begin until the party has received proper notice." That reliance does not succeed, because the council is *not* a party. We said in *League of Women Voters:*

> "[T]he variety and informality of local recordkeeping procedures give the decisionmaking bodies and their agents the familiarity that the parties who appear before them do not have with where the information resides in their courthouses and city halls. Although we suggest no evil motivation in this or in the generality of cases, the relationship between parties who seek to appeal a county's land use decision and officials of the county is hardly the same as the relationship between the clerk and the parties to a civil action. In the land use context, the county is the deciding body as well as the recordkeeper." 82 Or App at 679.

No comparable remoteness from or presumption of unfamiliarity with city's decisions is true of the city council.

We conclude that the council did not initiate its own motion review within the time permitted by section 18.32.310(b)(2).[2]

City argues, for a number of reasons, that the council's and LUBA's decisions should nevertheless be affirmed. It first contends that the applicant brought a timely appeal to the council from the commission's decision and that the council could have taken the same action in that context as it did on its own motion.[3] Without deciding whether the council could have done so (or whether an undecided appeal to the council is now pending), we conclude that the council *did not* do so. It acted on its own but untimely motion pursuant to section 18.32.310(b)(2). That is a jurisdictional defect, and the fact, if such it be, that the same substantive decision could have been made through a different route does not cure the defect.

City's next argument, somewhat at odds with its first, is that the notice to the parties of the planning commission's decision was defective and that the ten-day period for initiating review was therefore tolled. The defect identified by city is:

"The notice incorrectly referenced CDC 18.230.290(A) as the appropriate appeal provision and informed the parties that an appeal to the city council must be filed by February 21, 1989. The correct reference should have been to CDC 18.32.290(b), which provides that a planning commission decision made on appeal from a director's decision can only be heard by the city council if the council itself calls it up for review."

That defect, if it was one, can have no bearing on jurisdictional matters. We said in *League of Women Voters v. Coos County, supra,* that

"the time for appeal by a party who has been given notice is not tolled by the fact that notice has not been given to other parties who are entitled to it." 82 Or App at 681.

Here, notice *was* sent to the parties entitled to it. The only defect that city ascribes to the notice is that it misinformed the parties that they could appeal, when in fact review could

---

[2] City argues that the ordinance, as we construe it, would create unworkable obstacles in the process of providing notice to the lay members of the council. However, the meaning of the ordinance is clear, and city is, of course, free to amend it.

[3] The council refunded the appeal fee to the applicant when it decided to conduct review on its own motion, but the appeal has not been formally terminated.

only be initiated by the council. The council could have invoked its own review authority, whether or not the parties had an independent right of appeal or were correctly informed that they did or did not. The notice was not incorrect in any particular relating to the council's authority to initiate review, and city may not complain that its notice might have misinformed others about their right to seek review.

City next contends that petitioner's taking claim is not "ripe," because the right-of-way condition on the development of the adjacent parcel cannot affect petitioner's property unless certain future events occur. *See* n 1, *supra.* City also contends that the controversy is moot, because the applicant has already deeded the right-of-way to city and, therefore, "[n]o practical effect would result by reversing the city council's decision and replacing it with the planning commission's." City apparently understands that the asserted ripeness and mootness problems affect the reviewability of the entire controversy. They do not. Petitioner appealed to LUBA from the council's land use decision approving an application for an apartment complex.[4] One of the issues that petitioner raised in that appeal was that the right-of-way dedication required by the council will result in a taking. If city's ripeness and mootness arguments were correct, they might affect the reviewability of that issue, which we do not reach in any event. However, they have no bearing on the justiciability of the other error that petitioner ascribes to the appealed decision and on which we base our conclusion that the city council had no authority to make the decision.[5]

Reversed and remanded.

---

[4] Technically, there were applications for and approvals of site development, a minor land partition and a variance.

[5] We reject without discussion city's argument that the error was a mere failure to follow local procedures and that petitioner alleged no prejudice to its substantial rights. *See* ORS 197.835(8)(a)(B).