On respondent Prendergast & Associates' petition for reconsideration filed May 22, on petitioners' response to petition for reconsideration filed June 28, and on respondent City of Hillsboro's response to petition for reconsideration filed June 29, reconsideration allowed; former opinion (101 Or App 307, 790 P2d 552) adhered to October 17, 1990

## Mike BYRNES,
### Sue Orlaske, Tasi Y. Cheng and Friends of Imbrie Farmstead,
*Petitioners,*

*v.*

## CITY OF HILLSBORO
### and Prendergast & Associates,
*Respondents.*

### (89-065; CA A63163)
798 P2d 1119

Jack L. Orchard and Ball, Janik & Novack, Portland, for petition of Prendergast & Associates.

Scott O. Pratt, Portland, filed response for petitioners.

Carrell F. Bradley, Hillsboro, filed the response for respondent City of Hillsboro.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

### RIGGS, J.

Respondent Prendergast & Associates petitions for Supreme Court review and, thereby, for our reconsideration of our opinion. 101 Or App 307, 790 P2d 552 (1990); ORAP 9.15. Appended to the petition is a substantial amount of legislative history that suggests that the City of Hillsboro's intent in adopting its Cultural Resource Management Ordinance was the opposite of what we interpreted the ordinance to mean. The city, in its response to the petition, agrees with Prendergast.

■ ■ Petitioners respond, *inter alia,* that the legislative history could have been but was not presented to LUBA and is not part of the record; therefore, petitioners argue, we cannot consider it. Petitioners' argument presupposes that, in order for us to consider the legislative history in our review, there must be some evidentiary basis for recognizing its existence and substance. That argument would of course be incorrect if we were construing a state statute. We can, and frequently do, review statutory history that the parties have not called to our attention, much less presented as evidence in the lower tribunal. The question is whether we can do the same in connection with the legislative history of a local ordinance.

The reason that state legislative history can be considered on appeal without being part of the record is that it is subject to judicial notice. OEC 202(2); *see also* OEC 201(b)(2); *Byers v. We-Wa-Ne,* 86 Or 617, 169 P 121 (1917). However, local legislative proceedings have never been subject to the same rule. Before the Evidence Code was enacted, appellate courts could not take judicial notice even of adopted local legislation, let alone its legislative history. *Clinkscales v. City of Lake Oswego,* 47 Or App 1117, 1120 n 1, 615 P2d 1164, *rev den* (1974); *West v. City of Astoria,* 18 Or App 212, 223, 524 P2d 1216, *rev den* (1974); *but see Andal v. City of Salem,* 53 Or App 159, 162, 630 P2d 1344 (1981) (city charter subject to judicial notice under ORS 221.710 if certified copy filed with Librarian of Supreme Court).

With the adoption of the Evidence Code, judicial notice of local *enactments* became available. OEC 202(7) provides for judicial notice of

"[a]n ordinance, comprehensive plan or enactment of any

county or incorporated city in this state, or a right derived therefrom. As used in this subsection, 'comprehensive plan' has the meaning given that term by ORS 197.015."

*But see* ORS 221.928.

However, nothing in the Code allows judicial notice to be taken of local legislative history. Even assuming that that statutory silence is not dispositive, there are strong reasons why local legislative history should not be judicially noticeable. Unlike state legislative history, the history of local legislation is not maintained in any particular way or in any particular place, and the manner of its retention—or non-retention—may well have as many variables as there are local governments.

We made a similar point in *League of Women Voters v. Coos County,* 82 Or App 673, 729 P2d 588 (1986), in explaining why the time for appealing certain local land use decisions should be tolled by the enacting body's failure to give notice of the decisions and in refusing to extend the rule that a court clerk's failure to give notice of the entry of a civil judgment does not extend the time for appeal. We first quoted with approval from the LUBA opinion under review:

"The parallel between appeals of court judgments and appeals of local government land use decisions has troublesome aspects. In the civil appeals context, the law provides a uniform procedure and location for the entry of judgments. *See* ORCP 70(B). *See also Blackledge v. Harrington,* 289 Or 139, 141, 611 P2d 292 (1980); *Henson and Henson,* 61 Or App 210, 656 P2d 345 (1982). Theoretically, at least, attorneys can keep track of appeal periods by monitoring the docket in which judgments are entered. This is not the case where local land use decisions are concerned. Although they are public records, state law does not provide a uniform procedure or place for filing or recording them. Interested parties therefore may have difficulty in ascertaining when the period for appeal to LUBA begins." 82 Or App at 678.

We then said:

"The corollary of LUBA's cogent point is that the variety and informality of local recordkeeping procedures give the decisionmaking bodies and their agents the familiarity that the parties who appear before them do not have with where the information resides in their courthouses and city halls." 82 Or App at 679.

■   The rationale of *Coos County* has even greater force in connection with local legislative history. The fact that a decision has been made or an enactment promulgated is probably discoverable through reasonable diligence. However, there is no requirement that all or any part of the history of a local enactment, bearing on its legislative intent, must even be recorded or preserved.[1] No one can fairly be held to know whether any history exists or, if some history is located, whether it is authentic or comprehensive. The only way that the facts of its existence, authenticity and comprehensiveness can be determined is by proof from the party propounding them.[2]

   We do not question the representations of counsel for Prendergast and the city concerning the legislative history in the petition. The difficulty is that we cannot act on those representations. They relate to matters that are not judicially noticeable and that were not proven in the record. We are unable to consider the legislative history, and we therefore adhere to our opinion.

Reconsideration allowed; former opinion adhered to.

---

[1] ORS 192.650 requires minutes of public meetings to be kept. That does not alter our reasoning. The minutes can vary from verbatim transcripts to very sketchy and minimal records of discussions and proceedings. There is no necessity that they contain anything that bears on the enacting body's intent, or that that intent cannot be reflected in documents other than minutes.

[2] Comprehensiveness, or the possible lack thereof, may be more a matter of rebuttal than initial proof. However, it is a matter that the opposing party is entitled to an opportunity to rebut.