Argued and submitted June 15, affirmed October 7, 1992, reconsideration allowed by opinion February 24, 1993
See 118 Or App 342 (1993)

## BIGEJ ENTERPRISES
and Lawrence Kesterson,
*Appellants,*

*v.*

## TILLAMOOK COUNTY,
a Political subdivision of
the State of Oregon,
*Respondent.*

(91-2027, 91-2035; CA A71688)

838 P2d 1095

Phillip E. Grillo, Portland, argued the cause and filed the briefs for appellants.

William K. Sargent, Tillamook County Counsel, Tillamook, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiffs appeal from a judgment denying their request for a writ of mandamus to compel defendant Tillamook County (county) to approve their application for a conditional use permit in accordance with ORS 215.428(7).[1] We affirm.

In August, 1990, plaintiffs applied to the County Board of Commissioners for a conditional use permit to construct a fishing lodge on their property. The application was completed on September 4, 1990. As a result of continuances granted by the Board, the 120-day period in which the Board had to act on the application under ORS 215.428(1) was to expire on April 10, 1991. On that date, the Board granted plaintiffs' request that the proceedings be set over until April 17, 1991. The Board held a hearing on April 17, at which plaintiffs agreed to "waive the period between April 17 and May 1" to enable the Board to deliberate and prepare its disposition of the case. The Board made its findings of fact, conclusions and order on May 1 and sent them to plaintiffs, postmarked May 3.

Plaintiffs filed two petitions for alternative writs of mandamus, the first on April 17, 1991, and the second on May 1. Both petitions allege that the Board failed to take final action on plaintiffs' conditional use permit application within 120 days, as required by ORS 215.428(7), and that approval of their application would not violate any provisions of county's comprehensive plan or land use regulations. They requested relief under ORS 215.428(7). The court issued an alternative writ of mandamus commanding county to approve plaintiffs' conditional use permit or, alternatively, to show cause why it should not be granted.

---

[1] ORS 215.428(7) provides:

"If the governing body of the county or its designate does not take final action on an application for a permit, limited land use decision or zone change within 120 days after the application is deemed complete, the applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designate to issue the approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision of the county comprehensive plan or land use regulations as defined in ORS 197.015."

County moved to dismiss the petitions but did not return the writ or file an answer before trial. At trial, the court denied county's motion to dismiss and proceeded to hear the case on the merits. After plaintiffs had put on their case, they objected to county's failure to return the writ and file an answer before trial and moved for judgment on the pleadings. The court ruled that it would allow county ten days to file its answer and another 10 days to return the writ. It then denied the motion for judgment on the pleadings and proceeded with the trial.

Six days later, county filed its answer along with a return. Plaintiffs objected to that filing. Thereafter, the court issued a letter opinion on the merits of the case, concluding that county had acted within the 120-day period prescribed by ORS 215.428(7). It also said:

> "Plaintiff [sic] relies on technical pleading requirements. In a matter as significant as this planning case, the decision ought not be based in [sic] technicalities unless the technicality [sic] affects the merits. In this matter, they do not. Any amendment necessary to bring the pleadings into technical compliance is hereby allowed."

■ Plaintiffs assert that the trial court acted without authority or that it abused its discretion when it granted defendant leave to return the writ and to answer after the trial had commenced. County argues that the actions of the court were authorized by ORS 34.150 and ORS 34.170 and were within its discretion.

ORS 34.150 provides, in part, that an alternative writ of mandamus

> "shall state concisely the facts, according to the petition, showing the obligation of the defendant to perform the act and the omission of the defendant to perform it, and command the defendant, that immediately after the receipt of the writ, *or at some other specified time*, the defendant do the act required to be performed, or show cause before the court or judge thereof, by whom the writ was allowed, at the time and place therein specified, why the defendant has not done so; and that the defendant then and there return the writ with the certificate of the defendant annexed, of having done as the defendant is commanded, or the cause of the omission thereof." (Emphasis supplied.)

ORS 34.170 provides:

> "On the return day of the alternative writ, *or such further day as the court or judge thereof may allow*, the defendant on whom the writ was served may show cause by motion to dismiss or answer the writ, in the same manner as to a complaint in an action." (Emphasis supplied.)

The statutes give the court discretion to order when the writ is to be returned and the answer to be filed. Plaintiffs did not move for judgment on the pleadings until after they had offered evidence in their case-in-chief. They point to no prejudice because of the court's ruling. In the circumstances, we hold that the trial court did not abuse its discretion by allowing county leave to return the writ after the trial commenced.

■     Plaintiffs next assert that the trial court erred when it concluded that county took final action on its application within the 120-day period mandated by ORS 215.428(7). The parties agree that plaintiffs' application was completed on September 5, 1990, and that the 120-day period began running the next day. They also agree that February 15, 1991, was the 66th day of that period, because of certain intervening events not relevant here.[2] Their dispute arises because of plaintiffs' April 10 and April 17 requests for continuance. Plaintiffs argue that, under ORCP 10A, the 120th day was either April 10 or April 17. County argues that, under ORS 215.428, the 120-day period did not expire until May 1.

ORS 215.428 provides, in pertinent part:

> "(1)  Except as provided in subsections (3) and (4) of this section, the governing body of a county or its designate shall take final action on an application for a permit, limited land use decision or zone change, including resolution of all appeals under ORS 214.422, within 120 days after the application is deemed complete.

> "(2)  If an application for a permit, limited land use decision or zone change is incomplete, the governing body or its designate shall notify the applicant of exactly what information is missing within 30 days of receipt of the application and allow the applicant to submit the missing information.

---

[2] Plaintiffs had requested two other continuances, one on November 8 and one on December 5.

The application shall be deemed complete for the purpose of subsection (1) of this section upon receipt by the governing body or its designate of the missing information. If the applicant refuses to submit the missing information, the application shall be deemed complete for the purpose of subsection (1) of this section on the 31st day after the governing body first received the application.

"* * * * *

"(4) The 120-day period set in subsection (1) of this section may be extended for a reasonable period of time at the request of the applicant."

ORCP 10A provides:

"In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday or a legal holiday, including Sunday, in which event the period runs until the next day which is not a Saturday or a holiday."

Plaintiffs' reliance on ORCP 10A is misplaced. *See* ORCP 1A.[3] ORCP 10A applies generally and governs the computation of the time period, *unless* "a different procedure is specified by statute or rule." ORS 215.428(4) provides such a "different procedure"; it allows an applicant to seek an *extension* of the 120-day period.

On April 10, plaintiffs agreed to waive the time between that date and April 17. On April 17, they agreed to waive the time between that date and May 1. We construe those agreements to be requests for extensions under ORS 215.428(4). Under that statute, the first request extended the last day of the 120-day period to April 17, and the second request extended the last day to May 1.[4]

---

[3] ORCP 1A provides, in part, that the rules of civil procedure

"govern procedure * * * in all circuit * * * courts of this state * * *, for all civil actions and special proceedings, whether cognizable as cases at law, in equity, or of statutory origin *except where a different procedure is specified by statute or rule.*" (Emphasis supplied.)

[4] Because the Board had until the end of the day May 1 in which to take final action, the petitions for writ of mandamus were filed prematurely and were subject to dismissal on that basis. *See Simon v. Board of Co. Comm. of Marion Co.*, 84 Or App 311, 733 P2d 901 (1987). That issue is not before us.

The only question remaining is whether county "took final action" under ORS 215.428(1) on May 1. Plaintiffs argue that the county did not because, although it made its findings, conclusions and order on May 1, the document was not sent to plaintiffs until May 3. They rely on OAR 661-10-010(3), which provides that mailing of a land use decision is a predicate for the LUBA review process, a series of cases about the requirement of written notice during that process, *see, e.g., Bryant v. Clackamas County*, 56 Or App 442, 643 P2d 649 (1982), and two county ordinances regarding the land use appeal process.[5]

In *Columbia River Television v. Multnomah Co.*, 299 Or 325, 702 P2d 1065 (1985), the court held that counties may determine by rule when their decisions become final for purposes of ORS chapter 215. Once a county's decision is final under its own rules, the procedure to obtain review is governed by statute. Plaintiffs do not refer us to any county rule that defines when a decision by the Board of Commissioners is final for purposes of ORS 215.428. In the absence of such a rule, we give effect to the plain meaning of ORS 215.428 that an action is "final" when the application is deemed complete and the decision on the application is made, not when it is mailed.[6]

---

[5] Plaintiffs refer to the Tillamook County Zoning Ordinance:

"SECTION 10.020: APPEAL FROM RULING OF THE DIRECTOR

"An action or ruling by the Director pursuant to this ordinance may be appealed by parties to the decision, as defined in Section 8.020(8), *within 10 days after notification of the decision is mailed to said parties*. Written notice of the appeal shall be filed in the Department. If the appeal is not filed within the 10-day period, the action or ruling of the Director shall be final. If an appeal is filed, the Commission shall receive a report and recommendation thereon from the Director, and shall hold a public hearing on the appeal. Other actions of the Director may be appealed within 21 days after such an action or decision is reduced to writing.

"SECTION 10.030: APPEAL FROM RULING OF THE COMMISSION

"An action or ruling of the Commission pursuant to this ordinance may be appealed to the Board *within 10 days after the Department's notification of the Commission's action to the applicant*. Written notice of the appeal must be filed with the Board, and a copy sent to the Department. If the appeal is not filed within the 10-day period, the Commission's decision shall be final. If an appeal is filed, the Board shall receive a report and recommendation from the Director, and shall hold a public hearing on the appeal." (Emphasis supplied.)

[6] Our holding is not inconsistent with and does not pertain to the issue decided in *League of Women Voters v. Coos County*, 82 Or App 673, 729 P2d 588 (1986), and

Plaintiffs' other assignment of error does not require discussion.

Affirmed.

---

related cases, where we addressed the tolling effect on the time for appeal to LUBA when a county fails to notify the parties of its decision.