Submitted on appellants' petition for reconsideration filed November 12, 1992, reconsideration allowed; opinion (115 Or App 425, 838 P2d 1095) modified and adhered to as modified February 24, reconsideration denied April 28, petition for review denied June 22, 1993 (317 Or 162)

## BIGEJ ENTERPRISES
and Lawrence Kesterson,
*Appellants,*

*v.*

## TILLAMOOK COUNTY,
a Political subdivision of
the State of Oregon,
*Respondent.*

(91-2027, 91-2035; CA A71688)

847 P2d 869

Phillip E. Grillo, Portland, for petition.

William K. Sargent, Tillamook County Counsel, Tillamook, for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Plaintiffs petition for review of our decision affirming the trial court's judgment against them in this mandamus action under ORS 215.428. 115 Or App 425, 838 P2d 1095 (1992). We treat the petition as one for reconsideration, ORAP 9.15, and allow it to address two of plaintiffs' contentions.

ORS 215.428(1) provides that a county "shall take final action" on an application for a land use permit within 120 days after the application is deemed complete. Plaintiffs argue that we erred in concluding that, for purposes of ORS 215.428, the county "took final action" on plaintiffs' permit application on May 1, 1991, when the county adopted its findings, conclusions and order, rather than on May 3, when the document was sent to plaintiffs. They maintain that ORS 215.416(10)[1] requires written notice of the county's decision. and, therefore, that the decision did not become final until notice was given on May 3, which was after the 120 day period. They contend that, because the extended 120-day period for the county to make a final decision expired on May 1 and the decision had not become final by that date, they are entitled to the mandamus remedy provided by ORS 215. 428(7).

Plaintiffs rely on *League of Women Voters v. Coos County*, 82 Or App 673, 729 P2d 588 (1986), and on other cases holding that a county decision on an application subject to ORS 215.402 *et seq* does not become final for purposes of computing the time within which a party may appeal to LUBA until the party receives the notice of the decision required by statute. They argue that the same reasoning. should apply here, and that "final" for purposes of an appeal to LUBA should have the same meaning as "final" in connection with the mandamus remedy under ORS 215.428.

As we indicated in our earlier opinion in this case, 115 Or App at 431-32 n 6, the two situations do not present the same issue. The essence of our reasoning in *League of Women Voters v. Coos County, supra,* was that, when a county

---

[1] ORS 215.416(10) provides that "written notice of the approval or denial shall be given to all parties to the proceeding" regarding applications for permits. It does not specify when a decision is "final" under ORS 215.428.

fails to give prompt notice of its decision, "finality" should be tolled to provide the parties with a fair opportunity to invoke their appellate rights under the LUBA review statutes. Our holding was stated narrowly to accomplish that limited objective:

> "We hold that, in all LUBA cases to which [the notice requirement in ORS 215.416] applies, the decision *becomes final for purposes of appealing to LUBA* under ORS 197.830[(8)] only after the prescribed written notice of the decision is mailed or delivered personally to the party seeking to appeal.

> "We emphasize that the time for appeal by a party who has been given notice is not tolled by the fact that notice has not been given to other parties who are entitled to it." 82 Or App at 681. (Footnotes omitted; emphasis supplied.)

In other words, we not only restricted our holding to the LUBA appeal process, but also stressed that, even in that context, the tolling rule applies only in the circumstances where it is necessary to prevent appeal rights from being lost. The function of LUBA review is to provide the parties with a mechanism for challenging the merits of local land use decisions. It is the only process for testing whether those decisions comply with all applicable law. *League of Women Voters* and our other opinions that have reached similar results do not state a general rule equating finality and notice; instead, they respond to the effect of a county's failure to give notice on a party's ability to obtain review.

■ Because the LUBA review process and the mandamus remedy under ORS 215.428 have very different purposes, the reasoning in *League of Women Voters v. Coos County, supra*, has no bearing in the mandamus setting. The mandamus remedy is not designed to test the correctness of a decision, but to provide an applicant with a vehicle for relief from a county's failure to render a decision. In *Simon v. Board of Co. Comm. of Marion Co.*, 91 Or App 487, 755 P2d 741 (1988), we indicated that mandamus under ORS 215.428 is an extraordinary and limited remedy. There, the county took more than the allotted 120 days to render its decision. However, it made the decision before the applicants brought their mandamus action. We agreed with the circuit court that

it lacked jurisdiction, and that exclusive jurisdiction to review the county's decision was in LUBA. We explained:

"Construing ORS 215.428(7) to continue jurisdiction in the circuit court after a governing body has acted, even belatedly, would be inconsistent with the statutory scheme. The mandamus remedy is not subject to expedited review, and it makes little sense to review a decision through a slower process simply because the governing body failed to act more quickly. It also makes little sense to require a second tribunal to make a second initial decision. To provide an alternative channel of review would also defeat the legislature's obvious intent to funnel review of land use decisions through LUBA.

"The legislature has made clear that review by LUBA is the norm. The mandamus remedy is intended to effectuate LUBA's role, not undercut it. The evident purpose of ORS 215.428 is to ensure that local governing bodies issue a decision. Once the governing body acts, the purpose of ORS 215.428(7) has been met, and there is no reason for resort to circuit court." 91 Or App at 491. (Footnotes omitted.)[2]

■    Given that holding and reasoning, it would make no sense to extract a county land use decision from LUBA's jurisdiction, and to make the mandamus remedy available, by reading ORS 215.416(10) and ORS 215.428 in the way that plaintiffs urge. The county *has* made a decision that could have been appealed to LUBA. Plaintiffs' effort to extend the holdings of *League of Women Voters v. Coos County, supra,* and similar cases to shorten the time within which mandamus relief becomes available would not achieve the symmetry that they claim for it; rather, it would undermine the LUBA review process, and the access of the parties to that process, that those cases were designed to protect. We adhere to our holding that, in the absence of a county rule that defines when a decision is final under ORS 215.428, an action is "final" when the application is complete and the decision on it is made.

■    Second, plaintiffs point out that we erred when we said that plaintiffs did not move for a judgment on the pleadings until after they offered evidence in their case-in-

---

[2] We expressly did not reach the question of whether mandamus jurisdiction is defeated if a county renders a belated decision *after* a mandamus action is brought. 91 Or App at 491. It is again unnecessary to reach that question here, because we conclude that the county's decision was not belated.

chief. In fact, plaintiffs moved for judgment on the pleadings before the case was tried on the merits. On the day of the hearing, the parties appeared and defendant moved to dismiss the petition but did not return the writ or file an answer. At the same time, plaintiffs moved for judgment on the pleadings. The trial court deferred ruling on the motion to dismiss, granted the parties additional time to complete the filing of the pleadings and proceeded to hear the case on the merits. As we said in our initial opinion, plaintiffs make no persuasive claim of prejudice and the court did not abuse its discretion when it proceeded in that manner.

Reconsideration allowed; opinion modified and adhered to as modified.